J. D. GIDDINGS AND OTHERS V. E. CROSBY, ADMINISTRATRIX. | 24 295 | 90 599 |

Where the County Court, by its decree, had made an allowance for the support of the widow and child, and also an allowance of an amount of money, in lieu of the articles exempt from forced sale, but not existing in kind, which she was entitled to have had set apart to her; and the same remained unsatisfied : *Held*, that the widow's claim was a lien upon the assets of the estate, superior to, and had precedence over, a general lien upon lands in the county, created by a judgment obtained against the deceased in his life time.

The proceeds of a sale, by the administrator, cannot be subjected to the satisfaction of such judgment lien on the property sold, while the allowance in favor of the widow, is due and unsatisfied, under a decree of the County Court, in full force.

Liens upon the lands of an estate, existing at the death of the debtor, must be enforced in the County Court; and a defendant, in a suit brought by the administratrix in the District Court, for a debt due to the estate, cannot set up the existence of such lien, and enforce it in that suit.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

On the 12th day of September, 1857, Elizabeth M. Crosby, administratrix of the estate of Josiah J. Crosby, deceased, brought suit against J. D. Giddings and D. C. Giddings, upon a note for $465.44, given for the purchase-money of two tracts of land, belonging to the said estate, which had been sold at public sale by the administratrix, by order of the County Court.

The answer of the defendants alleged, that they held for collection, a judgment in favor of Hugh McLeod, which was a valid and binding lien on the land, at the time of the death of the said Josiah J. Crosby, and they asked that the amount due on the note sued on, should be applied to the payment of the said judgment; they alleged, also, that it had been agreed between the administratrix and the defendants, that the proceeds of the sale of the land, should be applied to the payment of the judgment.

At the Fall Term, 1858, McLeod intervened, and claimed in his bill, that his judgment was rendered on a contract, entered into prior to January, 1846; that it operated as a specific lien

upon the land sold; and prayed that the proceeds of the sale might be applied to the payment of his judgment.

McLeod had made application to the County Court for an order, directing the administratrix to appropriate the proceeds of the note sued on in this action, to the payment of his debt, which the court refused to grant; and from this decision he appealed to the District Court of Washington county, where the same was still pending, at the filing of his bill of intervenor. By agreement of parties, the said appeal was consolidated with this suit.

The judgment in favor of McLeod, was rendered against Crosby in his life time, in May, 1850; he died on the 13th of July, 1850; at the December Term, 1850, of the County Court, an order was made, setting apart for a year's support of the widow, (the plaintiff,) and the child, the sum of $350. At the February Term, 1852, the administratrix, for herself and infant child, petitioned the court to set apart to them all the property of the estate, exempt from forced sale, and to make an allowance in lieu of the articles not existing in kind. This petition the County Court granted, and after setting apart certain specific articles, also made an allowance to her, amounting to $2223.50, in lieu of other articles, to which she was entitled, but which were not found among the effects of the deceased. At a subsequent term of the County Court, there was set apart and confirmed to the widow, certain specific articles, selected by her, at their appraised value, under the previous order, leaving a balance due her of $848.

At the same term, McLeod applied, by his attorneys, Giddings & Giddings, to the County Court, for an order directing the Giddings' note to be applied to the satisfaction of his judgment, on the ground that it was the oldest judgment, and had a prior lien. This order was refused at the March Term, 1858.

On the trial of the cases, thus consolidated, in the District Court, a jury was waived, and the cause submitted to the court; and judgment was rendered in favor of the plaintiff, Elizabeth M. Crosby, against the defendants, for the amount of the note,

and interest; and that the judgment of the County Court, refusing to apply the proceeds of the note sued on in this action, to the payment of the judgment in favor of McLeod, be affirmed.

The defendants and the intervenor, thereupon, sued out writs of error, and assigned for error, the refusal of the County Court to enforce the lien which the judgment of McLeod had on the land; and in setting apart to the widow, property of the estate on which such lien existed.

*J. G. Shepard,* for the plaintiffs in error.

*Sayles & Bassetts,* for the defendant in error.—The defendant in error contends, that the judgment of the Probate Court, in overruling the application of McLeod; and the judgment of the District Court, confirming the same, and rendering judgment for the amount of the note sued on; are correct. 1st. Because it does not appear that the judgment in favor of McLeod v. J. J. Crosby, was ever presented to, or approved by the chief justice. The judgment was rendered in 1850, prior to the death of Crosby, and no attempt was made to enforce it, so far as the record shows, until the filing of this application, more than seven years thereafter. The record shows that it was not presented to the administratrix, until after the 1st of August, 1851, when it had lost its lien, and become dormant. (Hall v. McCormick, 7 Texas Rep. 269.)

2d. From the exhibits, it appears that the estate of Crosby is insolvent, and that there are a large number of judgments against it, which are entitled to a *pro rata* payment. It is not pretended, that the judgment in favor of McLeod, had a specific lien upon the land sold to Giddings; but it had, at the death of Crosby, the same general lien upon his lands in the county, which all other judgments had. A judgment has preference, only when it is secured by a *specific* lien, and it is expressly provided, that no preference shall be given to debts secured by mortgage, or having a lien by judgment, further than regards the property subject to such mortgage or lien. (O. & W. Dig. 783.) The

20

court properly refused to appropriate this amount to the payment of this debt, when it appeared that there were other and older judgments.

3d. In August, 1852, five years before this application of McLeod, the Probate Court had set apart, to the widow and child of the deceased, the allowance to which they were entitled under the constitution and laws. (Dig. 752, 753.) This allowance, it was the duty of the court to make, without any application; but an application was made, and an allowance made in lieu of the specific articles exempt from forced sale, and not found among the effects of the deceased. (Connell v. Chandler, 11 Texas Rep. 249.) This amount, adjudged in favor of the widow and child, is a privileged claim, to be paid in such property as they might select, or in cash; to raise which, the chief justice may order an immediate sale. (Dig. 753.) It belongs to the second class of debts, to be paid in preference to all others, except such as for funeral expenses, &c. (Id. 783.) It has a preference over a specific lien created in the life-time of the decedent, except when such lien is for the purchase-money of the property to which it is attached. (Robertson v. Paul, 16 Texas Rep. 472.)

4th. Although M'Leod's claim might have been a privileged one, contracted before the adoption of the State Constitution, and having a specific lien, he could only enforce it through the Probate Court; (Dig. 772; Robertson v. Paul, 16 Texas Rep. 472;) and it was his right, as well as duty, to object to the judgments of the Probate Court, by which the payment of his debt might be postponed or prevented, within the time prescribed by law. (Dig. 830, 836.) The judgment of the Probate Court, upon matters within its jurisdiction, is final and conclusive, and not to be questioned, either in that court, or collaterally. It was the duty of M'Leod, to have filed his opposition to the application for allowance in favor of the widow and child, and to have prosecuted an appeal from the judgment of the court, if adverse to him. (Brown v. Hobbs, 19 Texas Rep. 167; Foster v. Wells, 4 Id. 101.)

Giddings v. Crosby.

ROBERTS, J.—As to the suit on the note, the court did not err, because the defence set up was an effort to enforce a lien in the District Court, in a case that properly belonged to the jurisdiction of the County Court. The lien of the judgment, should have given precedence to the claim of the widow and children, for their allowance under the order of the County Court, standing in full force, and not satisfied.

Upon the same ground also, the court did not err in affirming the decree of the County Court, refusing to set apart the proceeds of this note to the payment of the judgment, which constituted a lien upon the land, for which the note was given.

Judgment affirmed.