H. MAYMAN v. J. M. REVIERE.

STATUTES CONSTRUED—SUBSTITUTED ALLOWANCE TO WIDOW.—
Whatever difficulty the Supreme Court, as now constitued, might have had in arriving at the conclusion, that under the probate act of 1870, the surviving widow was entitled to an allowance in lieu of a homestead; and also in lieu of such personal property exempt by law from forced sale as her husband did not leave her at the time of his death; and that so much of the property as was necessary to make good these allowances was not subject to administration—that doctrine having been announced by the former incumbents of the supreme bench, (Terry v. Terry, 39 Tex., 313,)—the fact that such construction has been followed throughout the State, constitutes a sufficient reason for regarding the question as settled.

APPEAL from McLennan. Tried below before the Hon. X. B. Saunders.

J. W. Oliver owed appellant $751, and, on August 7, 1874,

Mayman sued out an attachment in Falls county, and had the same levied upon twelve barrels whisky, three barrels molasses, and three boxes tobacco, the property of J. W. Oliver. After the levy of this attachment, Oliver died. There was no service had on him, but his administrator, Riviere, made himself a party defendant in the suit, and judgment was obtained for Mayman, for $774.13, on March 18, 1875, ordering the lien, by virtue of said attachment upon said property, to be foreclosed in due course of administration. The administrator had, in the meantime, on February 5, 1875, procured an order from the District Court of McLennan county, setting aside $2,775 to the widow of said Oliver, as an allowance for a homestead and other property, exempt from forced sale; and there being no other property belonging to said estate, the property levied upon was sold to pay off this allowance, and this suit was brought to set aside that order, but the court refused to disturb the order making such allowance, and Mayman appealed.

It was agreed that the only point at issue between the parties was, whether the attachment lien of a creditor, accruing prior to the death of the decedent, can be divested and held subject to the allowance afterwards set apart to the widow of the decedent, in lieu of a homestead and other property, exempt from forced sale, (excepting the year's allowance, which was not set apart in this case,) when the same did not exist in kind at death of decedent.

*Herring, Anderson & Kelley,* for appellant.—Under the law, as it existed at the time said attachment was levied, and at the time said estate was administered, there was no provision setting aside an allowance to a widow, that could defeat existing liens or special lien of appellant, who was an attachment creditor.

The lien of appellant existed before Mrs. Oliver had any right to an allowance on account of the death of her husband, and certainly cannot be ousted and defeated by such

right to allowance, which sprung up afterwards, for it would be a fraud upon creditors.

The court had authority, if the provision for one year—exempt from forced sale by law—was not found in kind among the property left by the deceased, to set apart an equivalent thereto in money, upon the return of the inventory and appraisement. (Paschal's Dig., art. 5593.) This is the only instance in which an allowance is ordered to be taken out of the assets of the estate, and, by virtue of a familiar principle of law, excludes allowances in all cases, except for yearly supplies.

The law (Paschal's Dig., art. 5674) providing for the order in which debts shall be paid, makes no provision for allowances, for a homestead, &c., to the widow, but provides, in the third item thereof, that special liens shall be paid out of the property to which the lien attached. An attachment lien is certainly special, in the meaning of said third item.

We do not think that article 5487 (Paschal's Dig.) can be construed to divest a vested right of a creditor who has an attachment lien, and a right to have the property set apart to the payment of his debt, and appropriate the property secured by such vested right to a claim that originated subsequently to the attachment lien.

We ask that the judgment be reversed, and rendered, ordering the property attached by appellant to be appropriated to the payment of his debt.

*Thomas Harrison,* for appellee.—In support of the decision of the District Court, the appellee cites the following authorities: Const. of 1870, Paschal's Dig., p. 1124, sec. 15; Paschal's Dig., arts. 5487, 6834, 6994; Terry *v.* Terry, 39 Tex., 313; Stone *v.* Darnell, 20 Tex., 14.

The question here presented was not before the court in Woodall *v.* Rudd, 41 Tex., 379. The difficulty suggested in that case by Justice Moore was intended, probably, to call the legislative attention to an apparent defect of the law; at

all events it was not insuperable, as shown by the experience of this case. In fact, Justice Walker, in Terry *v.* Terry, 39 Tex., 313, had already pointed out an easy and sensible method of obviating it, which has since been followed by the courts without distrust.

If there is difficulty in setting apart property to supply exemption under the law, the creditor, it seems, would find greater difficulty in collecting his debt from assets which do not form any part of the estate of his deceased debtor.

The Probate Law of 1876, p. 17, sec. 57, prescribes the manner of setting apart exemptions, and of providing them where they do not exist in kind, belonging to the estate.

That law may govern this case. (Cooley's Const. Lim., 293, 369, *et seq.*, 287, note 2.)

Gould, Associate Justice.—The questions presented arise under the probate law of August 15, 1870, and especially under the 26th section of that law, as follows: "The property reserved from forced sale by the Constitution and laws of this State, or its value, if there be no such property, does not form any part of the estate of a deceased person, where a constituent of the family survives." (Paschal's Dig., art. 5487.) In Terry *v.* Terry, *supra*, it was held by our predecessors, construing this law, that the surviving widow is "entitled to an allowance in lieu of a homestead, and also in lieu of such personal property exempt by law from forced sale, as her husband did not leave her at the time of his death, and under article 5487 so much of the property as is required to make good these allowances, is not otherwise subject to administration." Whatever difficulty we might have had in arriving originally at these conclusions, it is reasonable to assume that the decision in Terry *v.* Terry was followed by the District Courts throughout the State; and the injurious effects which would probably result from a contrary construction at this late day constitute a sufficient reason why we should treat the question as settled.

Statement of the case.

The statute itself is no longer the law, and we are content to accept the contemporaneous construction which we find that it received from our predecessors—a construction, it is to be remarked, which harmonizes with the legislation of the State both prior and subsequent to the act of 1870. (See Probate Law of 1848 and of 1876.)

According to this construction, the court did not err in making the allowances to the widow, nor in holding that these allowances took precedence of the lien of an attachment creditor. (Giddings *v.* Crosby, 24 Tex., 295.)

The judgment is affirmed.

                                           AFFIRMED.

[Associate Justice MOORE dissenting.]