H. P. MABRY, ADMINISTRATOR, AND W. H. HARRISON, INTER-
VENOR, v. MARGARET S. WARD ET. AL.

1. ALLOWANCE IN LIEU OF HOMESTEAD.—Under the probate law of 1848, (Paschal's Dig., 1305,) the widow and children are entitled to an allowance in lieu of property exempt from forced sale, when no such property exists and their right is not affected by their owning a separate estate which may be sufficient for their support.

2. SAME.—Nor is such right affected by the failure of the probate judge to make the allowance at the time required.

3. SAME.—Such allowance takes precedence of all obligations of deceased save vendor's lien debts.

4. REASONABLE ALLOWANCE.—An allowance of $2,000 in lieu of a homestead and of $500 of other exempt property, to a widow and children of a decedent who resided in the city of Jefferson, Texas, held to be a proper and reasonable allowance.

APPEAL from Marion.   Tried below before the Hon. B. F. Estes.

A careful statement of the case is given in brief of appellants and in the opinion.

*Epperson & Campbell* and *Crawford & Crawford*, for appellants.—On the 14th of April, 1876, Mrs. M. S. Ward, the appellee, filed her application against H. P. Mabry, administrator of the estate of W. H. Ward, deceased, for an allowance in lieu of a homestead and other exempted articles.   W. M. Harrison, the appellant, intervened and contested her right. Upon this application the County Court made an order directing the administrator to pay to Mrs. Ward $3,000 in lieu

of a homestead, and $760 in lieu of the other articles exempted from forced sale.   From this order Harrison appealed to the District Court, where the judgment of the County Court was modified, reducing the homestead allowance to $2,000 and that for the other articles to $500.   From this judgment Harrison appealed to this court.   The present case is the outgrowth of the case of Mabry *v.* Harrison, 44 Tex., 287.   We concede the power of the court to make this allowance in a proper case, but it should not be made in this case, for the reason that the application comes too late and the widow and children of W. H. Ward have been provided for.

On the 15th day of August, 1870, W. H. Ward, the husband of appellee, executed to Harrison a deed of trust upon lots eleven and twelve in block twenty-nine in the city of Jefferson, to secure the payment of a note for $20,000, borrowed money.   After the maturity of this note, and when the trustee had advertised the property for sale, Mrs. Ward, the appellee, filed her suit in the District Court of Marion county, Texas, against W. H. Ward, W. M. Harrison, and Jones & Bemis, to restrain the sale of the property under the deed of trust.   Mrs. Ward alleged in her petition that the property, at the date of the mortgage to Harrison, was her homestead, and that a part of the purchase-money for the lots was her separate estate.   Every issue in the case was determined against her, and judgment rendered subjecting the property to the payment of Harrison's note and mortgage. From this judgment Mrs. Ward and the administrator of the estate of W. H. Ward appealed, and the same was affirmed. (Mabry. *v.* Harrison, 44 Tex., 287.)   The petition of Mrs. Ward for the injunction was filed December 5, 1871, and the case was not determined for more than four years.   W. H. Ward died February 9, 1872, and Mabry was appointed administrator in March, 1872.

The inventory shows property appraised at more than $45,000.   The judgment of the District Court in the case of M. S. Ward *v.* W. H. Ward clearly shows the condition of

the estate at the date of Ward's death. The verdict and special issues to which it is responsive are part of the judgment, and are admitted as part of the statement of facts in this case. This judgment shows that there was in the estate $47,000 in real estate and $17,000 in notes and accounts. It is admitted that the estate now is not worth more than $3,000, and that the lots mortgaged to Harrison and the land mentioned in the judgment comprise the entire estate. The land was mortgaged to Perkins, Swenson & Co., by W. H. Ward, for $16,000, and on October 4, 1875, a judgment of the District Court of Marion county was rendered directing the administrator to sell the land and pay the mortgage debt to Perkins, Swenson & Co. The court say, in Mabry *v.* Harrison, 44 Tex., 286, that the allowance, if any is made, must be taken from the *corpus* of the estate; and Judge Roberts strongly intimates that, in Texas, after a judgment has been rendered directing the payment of the mortgage debt, the property covered by the mortgage could not be made to contribute. If this intimation is correct, it would cut out the land and cast the entire allowance upon the lots.

It certainly is unreasonable to permit Mrs. Ward to contest her injunction suit for four years, and then, after an estate of $50,000 has been lost and wasted, to come in and take what little is left. Had she made her application in time, the allowance could have been made to her without serious detriment to the estate. If the widow's claim for this substituted allowance is a charge upon the estate in this case, no demand having been made for more than three years after the opening of administration, it should not be paid now, when to do so will absorb the estate.

It is agreed that the life of W. H. Ward was insured for $10,000; that he paid the premium, amounting to $500 per annum, and that Mrs. Ward collected the policy after her husband's death. This money unquestionably belonged to the estate. Your honors will see that the mortgage to Harrison was executed on the 15th of August, 1870, and filed

.for record at 9½ o'clock A. M. on that day. The probate law of 1870 was passed August 15, and went into effect from and after its passage. This would be the 16th. The old law must therefore govern this contract; and this court has said "a protection to the family is the reasonable object of the law." (James v. Thompson, 14 Tex., 465.) W. H. Ward, in his lifetime, and by an investment of the money which honestly belonged to his creditors, made ample provision for his family. $10,000 in cash keeps the wolf from the door. She has accepted and enjoyed this provision for five years, and should be content. Suppose that instead of investing $500 in a life policy, Ward had invested the entire $20,000 received from Harrison: it would have brought to his wife and children $400,000. Would this court let them take and keep the money, and then wrest from Harrison his security, and with it purchase for this family a homestead, a carriage, and a gun? Such a proceeding would be "an absurdity to which the law affords no sanction by any fair construction that can be given to it. On the contrary, it is so far out of the reason of the law as to be an implied exception to it. Where the reason of the law is clear and manifest, whatever is not within the reason is an implied exception." (Earle v. Earle, 9 Tex., 634.)

The humane policy of our laws, which protects the widow and the orphan in poverty and misfortune, should not be converted into a mere speculation.

*G. T. & C. S. Todd*, for appellees.

I. This proceeding is in strict accord with the judgment which was affirmed and with the decision in the case of Mabry v. Harrison, 44 Tex., 287.

II. It was instituted in the District Court in May, 1876, and passed by change of jurisdiction to the County Court. (See Const. and Laws of 1875–76.)

III. As to the legal sufficiency of the petition, both under

the probate law of 1870 and that of 1876, see Terry *v.* Terry, 39 Tex., 310; Probate Law of 1876, sec. 57.

IV. As to plaintiff's demurrer to the intervention. Appellant, as a creditor only, is not interested in the estate, and is not concluded or bound, either in his rights as a mortgagee or in his remedy on the administrator's bond, by the decree herein. (Probate Act of 1870; Paschal's Dig., arts. 5499, 5522.)

*Culberson & Armistead,* for Mrs. Ward.— Mrs. Ward made application to have substituted allowance in lieu of homestead, &c., set apart to her and her minor children, which was granted in the sum of $2,000 for homestead and $500 for exempted articles, &c.

Her right to the same is a constitutional guaranty. (Const. 1870, art. 12, sec. 15; Paschal's Dig., art. 5478; Homestead Cases, 31 Tex., 677; Terry *v.* Terry, 39 Tex., 310.)

The amount of property exempted is specified in articles 6834 and 6994 of Paschal's Digest. This action is authorized by the opinion in Mabry *v.* Harrison, 44 Tex., 295.

The $10,000 policy paid to Mrs. Ward was her separate property and formed no part of the estate, as shown by the judgment which was affirmed. And by the opinion in the above case the assets of the estate of Ward were to be marshalled and claims paid according to priority. For classification of claims, see Paschal's Dig., art. 5674.

The case of Edmiston *v.* Long, 17 Tex., 135, is not analogous to the case at bar. Nothing has been abstracted from the assets of the estate of W. H. Ward by Mrs. Ward or any of her family, and Mrs. Ward was the beneficiary in the life policy, and the money collected thereon by her was her separate property and formed no part of the estate of W. H. Ward.

BONNER, ASSOCIATE JUSTICE.— This suit is an outgrowth from that of Mabry *v.* Harrison, 44 Tex., 286, in which will

be found a full statement of the case and the issues as then presented and determined. Among other matters therein litigated, was a claim for $10,000, proceeds of a policy of insurance taken out on the life of W. H. Ward, and which, since his death, had been received by his wife, the appellee, Margaret S. Ward. It was adjudged that this was her separate property and formed no part of his estate. That portion of the decree was not complained of on the former appeal, and was not passed upon by the court. (44 Tex., 295.)

This issue is again presented incidentally in the present suit, but the legal effect of the former judgment is to make it *res judicata,* and it will not further be considered.

The estate of W. H. Ward, which, at his death, was of the value of about $50,000, has since, by depression in value, loss by fire, and otherwise, been reduced to only about $3,000.

Subsequent to the affirmance of the judgment in the above case of Mabry *v.* Harrison, Mrs. Ward, having failed to establish her claim to the property in controversy, and W. H. Ward having died without leaving a homestead, made application to the County Court, in behalf of herself and minor children, for a substituted allowance, in lieu of a homestead and other exempt property. H. P. Mabry, as the administrator of the estate of W. H. Ward, appeared, and submitted the matter to the court. W. H. Harrison, as a creditor, intervened, excepted to the application, and protested against the allowance, setting up the proceedings and judgment in the former suit, and that Mrs. Ward and her children had an estate amounting in value to more than $10,000. To this she filed general exceptions and denial.

On the trial in the County Court the exceptions of Harrison were overruled and those of Mrs. Ward sustained; and she was adjudged the sum of $3,000 in lieu of a homestead, and $750, which was remitted to $500, in lieu of other exempt property.

On appeal to the District Court the same disposition was made as to the exceptions of both parties, but she was al-

lowed only $2,000 in lieu of a homestead, and $500 in lieu of other exempt property. It was further ordered, that the lands belonging to the estate, including the lots upon which intervenor Harrison had his mortgage, be sold, and that the assets of the estate be marshalled and paid out by the administrator as should be ordered by the County Court, giving preference to the substituted allowances over his mortgage claim.

From this judgment the intervenor appeals, and assigns as error the judgment of the court upon the exceptions and in granting the substituted allowances.

By the probate act of 1848, which it is claimed should govern the rights of the parties in this case, it was made the duty of the chief justice of the County Court, at the first term after the grant of letters of administration, to set apart to the widow and minor children of the deceased an amount sufficient for their maintenance for one year. (Paschal's Dig., art. 1304.) This article of the statute has the express proviso "that when any such widow and minor children shall have separate property adequate to their maintenance, then no such allowance shall be made as is provided for in this section."

By a subsequent article (1305) it is further made the duty of the chief justice, at the same term of the court, to set apart for the benefit of the widow and children all such property as may be exempted from execution or forced sale by the Constitution and laws of the State, and to make an allowance in lieu of any or all of the specific articles which may not be among the effects of the deceased.

Similar provision was also made by the probate act of 1870, as construed by this court in Mayman *v.* Reviere, 47 Tex., 357.

The evident object of these statutes was to continue to the widow and children that protection afforded by the general policy of the law exempting certain property from execution and forced sale. (Hubbard *v.* Horne, 24 Tex., 272.)

The failure of the chief justice to set apart for the benefit of the widow and children this exempt property, or to make the substituted allowance in lieu thereof, would not defeat their rights under the law. (Connell *v.* Chandler, 11 Tex., 249; Little *v.* Birdwell, 27 Tex., 688.)

Particularly should it not so prejudice their rights when the delay was occasioned, as appears by the record in this case, by reason of pending litigation between the widow and the administrator and creditors, to determine whether or not the property claimed as such, was the homestead. Until this was ascertained the chief justice could not act with certainty in making the order.

Under article 1305 there is no restriction upon the right of the widow and children to have the specific property or the substituted allowance, the only proviso being, that if the estate is solvent the statute shall not be construed to prohibit the partition of said property among the heirs and distributees. By the preceding article (1304) there is the express proviso before referred to, that the allowance for maintenance for one year shall not be made if they have separate property adequate for their support. By a familiar rule of construction, the fact that they have separate property adequate for their maintenance would not, then, under this statute, defeat their right to an allowance in lieu of the homestead and other exempt property. By the subsequent act of 1870, (Paschal's Dig., art. 5487,) the exempt property or its value formed no part of the estate for the purpose of administration, but was reserved for the benefit of the family. If a specific homestead had in fact been left by the decedent, under the uniform construction and practice prevailing under both the statutes of 1848 and 1870, we think there is no question but what the same would be set apart for the use and benefit of the widow and children, without regard to whether or not they had separate property; and the same reason which would require this would also require the substituted allowance.

---

---

That this claim is superior to liens other than the vendor's lien, has long been decided by this court. (Robertson v. Paul, 16 Tex., 472; Giddings v. Crosby, 24 Tex., 295.)

Whatever may be the seeming injustice of the law or the construction heretofore given to it in its application to creditors, we can but say that "thus it is written." The hardship in the present case seems the more to be regretted, as the want of proper care and precaution to secure his debt under the ordinary vicissitudes of life cannot be attributed to the intervenor. But the misfortune to him, and which also to some extent must be shared by the widow and children, seems to have been occasioned by those unforeseen casualties which now and then occur, and which strikingly illustrate the proverb, that riches make themselves wings and fly away. To provide against such misfortune was doubtless one of the objects of the Legislature in the passage of the statutes now under consideration.

The allowance made by the court seems to have been reasonable under the evidence, being, as to the homestead, the lowest estimated value of an average one in the city of Jefferson, the place of the late residence of the deceased, W. H. Ward.

There being no apparent error in the judgment below, the same is affirmed.

                                               AFFIRMED.

[Chief Justice MOORE did not sit in this case.]