## JOHN G. ABNEY v. JAMES W. POPE ET AL.

1. HOMESTEAD—ESTATES OF DECEDENTS—TRUST SALE.—The owner of a homestead joined his wife in incumbering it, by trust deed, to secure the payment of a debt, and afterwards, in 1872, died, and his widow, after his death, abandoned the place and removed from the State. The claim was presented for allowance and approved by the administrator, after which the property was sold, under authority of the trust deed, by the trustee. In a suit brought by the purchaser against the children of the deceased, in possession, to recover the property: *Held*—

    1. The sale under the power, by the trustee, would be inconsistent with the statute postponing the debt which the trust deed was intended to secure, to others, including an allowance to be made to the widow and children in lieu of a homestead or other exempt property.

    2. The statute, in providing that exempt property should constitute no part of the estate, did not design to interfere with the established policy to allow no mere mortgage lien to be so enforced as to deprive the widow and children of the exempt property, or an allowance in lieu thereof.

    3. Under the statute, the Probate Court was authorized to make an allowance in lieu of a homestead and exempt property, and that allowance was to be paid in preference to claims secured by mortgage liens.

    4. If one lien creditor could appropriate the homestead because of his power to sell, the property on which other creditors have a lien might be taken to supply to the family of the deceased their allowance in lieu of a homestead.

    5. The mortgage was but an incident to the claim, and the claim comes within the letter and policy of the law which requires its presentation and postpones its payment to preferred claims.

    6. The purchaser acquired no title.

2. CASES APPROVED.—Robertson's Administratrix *v.* Paul, 16 Tex., 472; Terry *v.* Terry, 39 Tex., 313; Mayman *v.* Reviere, 47 Tex., 357; McLane *v.* Paschal, 47 Tex., 370, approved.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

Suit brought October 7, 1877, by John G. Abney, the appellant, against James W. Pope, John H. Pope, William H.

Pope, Alexander Pope, Asa Pope, Miss Lou Pope, and Irvine Pope, a minor, temporarily absent from the State.

The petition alleged, in substance, that Alexander Pope, now deceased, acquired by purchase the land sued for as community property, while residing in Texas, as the husband of his first wife, the mother of the defendants; that immediately after its purchase, Alexander Pope and his first wife destined the land as a homestead, and entered upon and occupied it as such; that while so occupying it, the first wife of Alexander Pope died, leaving the defendants her heirs; that on her death her children became seized of an undivided interest in the land, as tenants in common with their father; that afterwards Alexander Pope intermarried with Mrs. Beatrice Pope, and continued to reside on the land until his death; that afterwards, on the 26th of June, 1872, Alexander Pope and his wife, Beatrice Pope, being indebted to Mrs. M. L. McClure, executed a deed of trust to the land authorizing McClure to sell and convey title in default of payment; that afterwards, on the 15th of August, 1872, Alexander Pope, who still, with his wife and children, occupied the land as a homestead, died.

The petition alleged that the land did not become a part of the estate of Alexander Pope upon his death, and was not, as such, subject to administration; that after the death of Alexander Pope, his sons, John H. Pope and William H. Pope, were appointed the administrators of his estate; that on the 6th of March, 1877, the note, with interest, was authenticated, allowed, and approved as a claim against the estate; that afterwards, on the 11th of May, 1877, the full amount of the note being due and still unpaid, Mrs. McClure sold the land under the deed of trust to Abney, the appellant, and on the 30th of May, 1877, made him a deed thereto; that immediately after the death of Alexander Pope, his wife, Beatrice Pope, abandoned the land and State with the intention never to return, and has never, since her husband's death, asserted any claim to the land; that the defendants, however, are in possession of the land, and appropriate the rents and profits,

19

which amount to $2,000, for which plaintiff, in addition to asking judgment for the recovery of the land, claims judgment.

At the Fall Term, A. D. 1878, the court sustained a general demurrer to the petition, and plaintiff declining to amend, the judgment was made final. From this judgment Abney appealed.

*H. McKay* and *John T. Pierce,* for appellant.

I. The power vested in the trustee by the deed of trust was a power coupled with an interest.

The deed of trust was executed by Pope and wife to M. L. McClure to secure a debt due by Pope to McClure, with power to sell in default of payment. (Robertson's Administratrix *r.* Paul, 16 Tex., 472, and authorities there cited; Hunt *r.* Rousmanier's Administrator, 8 Wheat., 174–271.)

II. The death of the constituent of a power did not revoke this power. (Robertson's Administratrix *v.* Paul, 16 Tex., 472, and authorities cited; 5 Man., Gran. & Scott, 895–917; 10 Paige, 205–209.)

III. This property was no part of the estate of A. Pope after his death, and never became subject to administration or subject to the jurisdiction of the Probate Court.

It was the homestead of A. Pope at the time of his death in 1872, and he left surviving him constituents of a family, viz., his wife, Beatrice H. Pope, and Miss Lou Pope, an unmarried daughter, and two minor sons, Asa and Irvine Pope. (Const. 1869; Paschal's Dig., art. 5487.)

IV. Anterior to the present Constitution of the State, a homestead could be incumbered by those who could absolutely convey the same, which incumbrance could be foreclosed by the intervention of a trustee executing a power vested by contract so as to evade the constitutional inhibition of forced sale. (Stewart *v.* Mackey, 16 Tex., 56; Jordan *r.* Peak, 38 Tex., 429; Sampson *v.* Williamson, 6 Tex., 102.)

V. Under the law in force anterior to 1870, after the death

of the incumbrancer the homestead was virtually relieved of the incumbrance, for the reason that the homestead was part of the estate and subject to the jurisdiction of the Probate Court, and any foreclosure must necessarily result in a forced sale, which was then inhibited by law. (Robertson's Administratrix *v.* Paul, 16 Tex., 472.)

Under the Constitution of 1869 and the act of the Legislature of 1870, no lien, even for the purchase-money of a homestead, or for labor and material expended thereon, could be enforced in the Probate Court, the Probate Court having no jurisdiction of the property, but must have been enforced by a direct action against the heir, &c. (Const. 1869, art. 12, sec. 15; Paschal's Dig., art. 5487.)

VI. The death of the constituent of an irrevocable power, or a power coupled with an interest, does not revoke the power, nor does such death discharge the estate descending directly to the heir of any incumbrance or lien legitimately created by the ancestor. (Robertson's Administratrix *v.* Paul, 16 Tex., 472; McLane *v.* Paschal, 47 Tex., 365.)

VII. Appellant bought the property at a sale by the trustee executing the power vested in the trustee, and took such title as A. Pope, the constituent, had at the date of the deed of trust. (Sampson *v.* Williamson, 6 Tex., 102.)

*James Turner* and *Alexander Pope,* for appellees.

I. Alexander Pope, one of the parties to the deed of trust to M. L. McClure, having died, the power to sell was revoked. (Robertson's Administratrix *v.* Paul, 16 Tex., 474; Paschal's Dig., art. 5650.)

II. Alexander Pope, one of the parties to the deed of trust, having died, the sale of the property by McClure was a nullity. There was an administration on the estate of Alexander Pope, deceased, and the claim must be paid in accordance with the law of estates. (Robertson's Administratrix *v.* Paul, 16 Tex., 474; Paschal's Dig., art. 5650; McLane *v.* Paschal, 47 Tex.,

365, and authorities referred to by Judge Moore in McLane *v.* Paschal.)

GOULD, ASSOCIATE JUSTICE.—In this case, after the death of the maker of a mortgage with power of sale, and pending administration on his estate, a sale was had under the power, and the purchaser at that sale asserts his title in this suit against the heirs of the deceased debtor.

Since the decision in Robertson's Administratrix *v.* Paul, such sales have been held invalid. The reason upon which that line of decisions is founded, is not that the power is revoked by death, but that our statutes governing the settlement of estates postpone such claims to sundry others, including the allowance to be made to the widow and children in lieu of a homestead and other exempt property, and that a sale under the power would be inconsistent with these statutory preferences. In this case, the land covered by the mortgage with power of sale was the homestead of the deceased at the time he executed the mortgage and at the time of his death, in 1872. The probate law then in force contained a provision that "The property reserved from forced sale by the Constitution and laws of this State, or its value, if there be no such property, does not form any part of the estate of a deceased person when a constituent of the family survives." (Paschal's Dig., art. 5487.) It is argued, that as this homestead constituted no part of the estate, its sale could not interfere with the priorities allowed by the statute regulating the administration of estates. Hence it is claimed that the sale was valid.

In our opinion, this position cannot be maintained without a departure from former decisions. Exempt property constituted no part of the estate for the payment of debts before the probate law of 1870. That law, in directing that exempt property shall constitute no part of the estate, was not designed to interfere with the established policy of our laws to allow no mere mortgage lien to be so enforced as to deprive the widow and children of the exempt property, or an allowance in lieu

thereof.   Under that statute, as under former and subsequent statutes, the Probate Court was authorized to make an allowance in lieu of a homestead and exempt property, and that allowance was to be paid in preference to claims secured by mortgage or lien.   (Terry v. Terry, 39 Tex., 313; Mayman v. Reviere, 47 Tex., 357; McLane r. Paschal, 47 Tex., 370, and cases there cited.)

If one lien creditor could appropriate the homestead because of his power of sale, the property on which other creditors have a lien might be taken to supply to the family of the deceased their allowance in lieu of the lost homestead.   The preferences given by the statute would be interfered with if there were no other property, and if there were no other assets than those incumbered with liens, gross inequality between lien creditors of the same class would often be the result.

The mortgage with power of sale was but an incident to the claim against the estate.   That claim "comes within the letter and policy of the law which requires the presentation of the claim, and which postpones its payment to other preferred claims."   (Robertson's Administratrix v. Paul, 16 Tex., 476; Black v. Rockmore, 50 Tex., 88.)   In the latter case the rule in Robertson's Administratrix v. Paul was enforced, although there was no administration, the estate being managed by the survivor of the community under the statute.

The judgment is affirmed.

AFFIRMED.

MOORE, CHIEF JUSTICE.—As no notice has been taken of the fact in the report of the case of Black v. Rockmore, 50 Tex., 88, I avail myself of the present opportunity to say that I dissented from so much of the judgment in that case as holds that the power of sale given by the trust deed was revoked by the death of the grantor.   And I add, that I only concur in the judgment in this case on the ground that the questions in it have been in effect ruled upon and deter-

mined in Black *v.* Rockmore, and other cases in which they were involved.

[Opinion delivered December 12, 1879.]