JENNIE CHAMPION ET AL. V. W. H. SHUMATE.

Decided April 15, 1897.

**Landlord's Lien—Estates—Allowance in Lieu of Exempt Property.**

The landlord's statutory lien on the crop raised on the rented premises, for the agreed money rent, is, in an administration upon the insolvent tenant's estate, superior to the allowance in lieu of exempt property in favor of the minor children and unmarried daughter of deceased. (Rev. Stats., arts. 2044, 2046, 2047, 2053, 2055, 2061, 2096, 2342 and 5175a construed.)

ERROR to Court of Civil Appeals, Fifth District, in an appeal from Grayson County.

Shumate appealed from a judgment setting aside, in lieu of allowances to the family of deceased, the proceeds of a crop on which he held a landlord's lien. The judgment being reversed and remanded, appellees obtained writ of error from the Supreme Court, on the ground that the ruling practically settled the case. The opinion of the Court of Civil Appeals is here published as necessary to a proper understanding of this decision.

OPINION OF COURT OF CIVIL APPEALS.

FINLEY, ASSOCIATE JUSTICE.—This case was tried below upon the following agreed statement: "1.  That W. H. Shumate, the temporary administrator, rented to deceased, B. B. Champion, certain lands in Grayson County, Texas, for the year 1895, at an agreed rental of $175.  That said Champion died intestate, in August, 1895, leaving surviving him no wife, and but the following children, who are his heirs at law, and have ever since the date of their father's death lived together and now constitute one family, to-wit,—Jennie, Leo, Lizzie, Prudie, Charlie and John Champion, all of whom are minors, except Jennie and John, and Jennie is an unmarried daughter of the deceased.

"2.  That deceased left an insolvent estate; that he owned no land ·or homestead, and had not in kind all the property exempted by law from execution, and that if all the property of said estate, including the crop raised on the rented premises in 1895 and proceeds thereof, were set aside to said minors and unmarried daughter for their allowances in lieu of the homestead and other exempt property and for a year's support, the same would be inadequate and not more than they are entitled to for such allowances.

"3.  That Shumate qualified in proper manner as temporary administrator and took charge of the property of said estate, and under orders of the County Court gathered the crop and converted ·the same into money, and that he paid out of said amount for gathering and marketing the same, and as attorney's fees, the amounts shown by his report, also County Court costs in this case, all amounting to $56.75.

"4.  That said W. H. Shumate held a landlord's lien on said crops and also a mortgage thereon executed by deceased in his life time to secure the payment of said $175 rents, and that the entire crops found on the rented premises were not sufficient to pay said rents.

"5. Said minors and unmarried daughter have no independent means other than the property of said estate, and that they occupied the rented premises for the full term of the lease given to B. B. Champion, deceased.

"6. That the questions of law to be submitted and decided by the court are:

"(a) Was the landlord's lien or the mortgage lien upon the crops upon said rented premises superior to or subordinate to the claim of said minors and unmarried daughter for their allowances as aforesaid?

"(b) Can the proceeds of said crop be set aside and applied to make up said allowances, notwithstanding Shumate held a landlord's and mortgage lien on the same?

"(c) Will the claim of said minors and unmarried daughter for said allowances be prior and superior to the costs and expenses of administration, or subordinate thereto?"

The trial judge filed these conclusions of law:

"1. Under the facts as agreed upon, the landlord's lien and mortgage lien of Shumate upon the crops described are both subordinate to the allowances to the unmarried daughter and minor children of the deceased which the law requires shall be set aside to them.

"2. And therefore, the proceeds of said crops should be set aside and applied for the purpose of making up said allowances, notwithstanding the fact that Shumate holds a landlord's lien and a mortgage lien thereon.

"3. The claim of said unmarried daughter and minor children for said allowances is superior to the claims for costs and expenses of administration."

A decree was entered making an allowance for the children of the deceased of the entire proceeds of the sale of the crop, the costs of this proceeding and of the entire administration were charged against Shumate, and he was discharged from the administration of the estate. From this judgment the writ of error has been prosecuted to this court.

Is the right of the children to the allowance superior to the landlord's lien given by the statute upon the crop to secure the payment of the rent of the land upon which the crop was raised? This question has not been passed upon by our Supreme Court, so far as we know, and to answer it will require the examination and construction of several statutory provisions relating to the administration of the estates of deceased persons and to the subject of landlord's liens for rents.

Article 2046, Rev. Stats., makes it the duty of a court in which an administration is pending, to set aside, for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of this State, except one year's supply of provision.

Article 2047, provides, in case the specific articles exempted by law are not among the effects of the estate, that a reasonable allowance should be made in lieu thereof.

By article 2053, it is provided that property which the husband has

encumbered with a lien, binding upon his wife, or upon which a vendor's lien exists, shall not be set apart for this purpose until the debt secured by lien is discharged.

In case the estate should be found insolvent, the title of the widow and children to the exempt property or allowance set apart or paid to them is made absolute and free from all debts against the estate, except the debts for funeral expenses and the expenses of the last sickness of the deceased. These demands are made superior to the rights of the widow and children to the exempt property or allowance in lieu thereof. Arts. 2055 and 2061.

The homestead is not liable to these demands, but is made liable for the purchase money, taxes due thereon and debts due for work and materials used for improvements thereon. Art. 2060.

Article 2053, directing that property upon which liens exist shall not be set aside to the widow and children until the liens are discharged, has been construed to have reference to solvent estates (Krueger v. Wolf, 33 S. W. Rep., 667), and the right of the widow and children to the exempt property or allowance in lieu thereof, is held to be superior to lien creditors generally. Robertson v. Paul, 16 Texas, 472; Giddings v. Crosby, 24 Texas, 295; Mabry v. Ward, 50 Texas, 408; Abney v. Pope, 52 Texas, 292.

The landlord's lien is not embraced within the exceptions for which the exempt property of the estate is made liable by the statutory provisions relating to estates of deceased persons, and given preference over the right of widow and children to the exempt property or allowance in lieu thereof. If there were no other statute affecting the question, we would be forced to the conclusion that the landlord's rights were subordinate to those of the widow and children of the deceased, as related to exempt property or the allowance in lieu thereof. But we have another statutory provision which must be considered in determining the question.

Among the provisions relating to the subject of Landlord and Tenant, is the following article,—"Such preference lien shall continue as to such agricultural products and as to the animals, tools and other property furnished to the tenant as aforesaid, so long as they remain on such rented or leased premises and for one month thereafter, and such lien, as to agricultural products and as to animals and tools furnished as aforesaid, shall be superior to all laws exempting such property from forced sales." (Rev. Stats., 1895, art. 3237.)

This seems to wipe out all exemptions when considered in relation to the landlord's lien upon agricultural products, animals, tools, etc., furnished the tenant. As to such lien upon such property, there is in legal effect no exemption law. It places the landlord's lien above every character of claim, and it would not be in consonance with established rules of construction to make this statute upon this special subject subordinate to the general statutory provisions governing the administration of estates. In Stokes v. Burney, 22 S. W. Rep., 127, Key, J., says: "The court did not err in holding that the landlord's lien was superior to the

claim of Mrs. Stokes and her minor children to an allowance in lieu of property exempt from forced sale, as authorized by our probate law. It is expressly provided by statute (Rev. Stats., art. 2342), that exemptions of personal property shall not override claims for rent, and it necessarily follows that an allowance in lieu of such exempted property is controlled by the same statute."

It is urged that the point there decided was not necessarily involved in the case, and for that reason it should not be considered authority. An analysis of the case leads to the conclusion that the question was not necessarily involved; but independent of that decision, we think the conclusion announced sound.

We are of opinion that the decision of the court below is wrong, and the judgment is reversed and the cause remanded, with the direction to the court below to subject the proceeds of the crop to the payment of the landlord's lien debt. The litigation having been instituted by the lien creditor, and the fund brought into court by him, it is also chargeable with court costs.

*Reversed and remanded.*

*Beaty & Culver*, for plaintiffs in error.—Under the circumstances shown, the unmarried daughter and minor children of deceased were entitled to have the entire estate, including the proceeds of the crop, set aside to them for their allowances. Their rights were superior to those of Shumate, although he held a landlord's and mortgage lien and had also incurred court costs and other expenses of administration in the preservation, safe-keeping and management of the estate. Rev. Stats., arts. 2091, 2093, 2054, 2055, 2091; Kruger v. Wolf, 33 S. W. Rep., 663 (writ of error was refused); Toulerton v. Mahncke, 32 S. W. Rep., 238; Hoffman v. Hoffman, 79 Texas, 189; Griffie v. Maxey, 58 Texas, 210; Abney v. Pope, 52 Texas, 292; Mabry v. Ward, 50 Texas, 404; Mayman v. Reviere, 47 Texas, 357; McLane v. Paschal, 47 Texas, 365; Giddings v. Crosby, 24 Texas, 295; Robertson v. Paul, 16 Texas, 473.

Shumate was guilty of involving the property of the Champion children in litigation in the form of an administration to protect an alleged claim of his. No portion of this property was subject to administration nor could any portion thereof be taken to pay court costs or other expenses of administration and therefore Shumate was liable personally for the costs incurred. Rev. Stats., arts. 2253, 1425.

*J. T. Cunningham* and *Wilkins & Vinson*, for defendant in error.—The landlord's lien and mortgage lien of W. H. Shumate on the crops grown on the leased premises were both superior to the allowances in lieu of homestead and other exempt property and a year's supply to the married daughter and minor children of the deceased, B. B. Champion; and the proceeds of the sale of the crops raised on the rented premises and sold under the order of the County Court should not be set aside and applied for the purpose of making up allowances in lieu of homestead and other

exempt property and a year's supply while Shumate held à landlord's lien and mortgage lien thereon. Rev. Stats., arts. 2053, 2046, 2402, 3237, 3235, and 2037; Stokes v. Burney, 22 S. W. Rep., 126; Wilkes v. Adler, 68 Texas, 689; Dunlap v. Wright, 11 Texas, 597; Howards v. Davis, 6 Texas, 174. On construction of statutes: Neill v. Keese, 5 Texas, 23; Bryan v. Sundberg, 5 Texas, 419; Cannon v. Vaughan, 12 Texas, 410.

The claim of the unmarried daughter and minor children for said allowance is not superior to the claim for costs and expenses of administration. Robbins, Admr. v. Walters, 2 Texas, 138.

### OPINION IN SUPREME COURT.

GAINES, CHIEF JUSTICE.—In this case, the Court of Civil Appeals reversed the judgment of the District Court and remanded the cause. In order to confer jurisdiction upon this court, the applicants, appellees in the Court of Civil Appeals, alleged in their petition, that the decision of that court practically settled the case. We granted the writ of error because we thought that this allegation was true, and not because we were of opinion that the application showed error in the decision of the Appellate Court. We have previously ruled that this course is necessary in such cases, in order to enable us to make the disposition of the cause required by the statute. Rev. Stats., art. 941.

The case having been submitted, we have again considered it upon its merits, and have concluded that the ruling of the Court of Civil Appeals is correct. For the grounds for this conclusion we need only refer to the opinion of that court.

So much of the judgment of the Court of Civil Appeals as reverses the judgment of the District Court is affirmed; but in so far as that judgment remands the cause it is reversed, and judgment is here rendered for defendant in error.

*Affirmed and rendered.*

Delivered January 21, 1897.

*Beaty & Culver,* in support of a motion for rehearing, cited Rev. Stats., art. 5175a, and discussed same in connection with arts. 3237 and 2093.

### ON MOTION FOR REHEARING.

DENMAN, ASSOCIATE JUSTICE.—In this case the Court of Civil Appeals held that the landlord's statutory lien on the crop raised on the rented premises for the agreed money rent is, in an administration upon the insolvent tenant's estate consisting only of such crop, superior to the allowance in lieu of exempt property in favor of the minor children and unmarried daughter of deceased. (39 S. W. Rep., 128.) This court granted an application for writ of error made by said children and rendered judgment for defendant in error. (39 S. W. Rep., 362.) This is a motion for rehearing. It is the duty of the court at its first term after the filing of the inventory appraisement and list of claims to make an or-

der setting aside the exempt property. (Rev. Stats., ch. 18.) The pur-- pose of this order is not to vest any greater right in the family in said property than they would otherwise have under the law, but merely to segregate it from the estate of the deceased, which the Probate Court is thereafter to deal with. Claims against this estate thus segregated are to be classified and paid as provided in Rev. Stats., ch. 20, and the "allowance made to the widow and children, or either" provided for therein refers solely to the "allowance for the support of the widow and minor children of the deceased" provided for in Rev. Stats., ch. 17; for in both chapters such allowance is made subject to "funeral expenses and expenses of last sickness" if the latter claims be presented in sixty days from granting of letters testamentary. (Rev. Stats., art. 2044 and 2093.) This allowance as well as other claims mentioned in chapter 20 are claims against the estate in the hands of the administrator, but not against the exempt property, with which he has nothing to do, it being made the duty of the court, as above stated, in the very beginning of the administration to set it aside to the widow and children. While, as between the widow and children and the administrator, the exempt property goes to the former and is generally not to be considered part of the estate in the hands of the latter, still under arts. 2402, 2000, 3235, 3236 and 3237 the exemptions themselves do not take effect except subject to certain claims,. one of which is the landlord's lien under consideration. If the estate be insolvent the exempt property could be set aside subject to these liens,. and if solvent the widow and children would probably be entitled to have them discharged by the administrator before setting aside, but in no event can their claims displace such liens. As to animals and tools furnished by the landlord his lien seems to be clearly a vendor's lien, such as contemplated in art. 2000, and it appears that the articles above cited place his lien on the crops on as high a plane as his lien on such animals and tools. This appears to be equitable, since the rent is the consideration for the lease of the land upon which the crops are grown. It would be manifestly unjust to allow the family of the tenant who happened to die within the year to claim as exemptions the very teams and tools furnished by the landlord for which he had not received pay, or the entire crop produced upon the landlord's land, to the exclusion of the claim of the landlord for the value of such teams and tools and rent for the land. This would be virtually taking the landlord's property and giving it to the tenant's family. We do not think the statutes evidence so unjust an intent. Since the landlord's lien is superior to the children's claim to exempt property, we think it follows that it is superior to the "allowance in lieu thereof" provided by art. 2047, which must abide the fate of the exemptions themselves. We do not consider art. 5175a as having any bearing upon the question under consideration, though it shows that the Legislature intended to relinquish the State's claim for taxes in certain cases in favor of the widows and minors, etc.

The motion will be overruled.

*Motion overruled.*