JAMES C. WALKER v. ESTATE OF BEN PATTERSON.

Decided December 4, 1903.

**1.—Landlord's Lien—Allowance for Support of Widow—Priority.**

The landlord's statutory lien on the crop for supplies and advances during the year the crop was raised is, in the administration of an insolvent tenant's estate, superior to the claim of the widow and minor children for allowance for a year's support.

**2.—Same—Statute Construed.**

The landlord's statutory lien on the crop for rents or supplies or advances is held to apply only to the crop raised during the year the rent accrues or the supplies, etc., are furnished.

**3.—Same.**

Article 2037 of the Revised Statutes is merely directory as prohibiting the making of allowance to the widow at the same term of court at which the administrator was appointed, and that the allowance was then made will not necessarily reverse a judgment.

Appeal from the District Court of Brazoria. Tried below before Hon. Wells Thompson.

*Munson & Munson,* for appellants.

PLEASANTS, ASSOCIATE JUSTICE.—During the year 1901 and until his death on the 30th day of September, 1902, Ben Patterson, deceased, was a tenant on the farm of appellant in Brazoria County. At the time of his death Patterson was indebted to appellant in the sum of $1383.04, same being due for advances and supplies furnished him as tenant by appellant during the years 1901 and 1902. Of this amount $983.04 was for supplies furnished and advances made by appellant to said Patterson in 1901, and the remaining $400 for such supplies and advances during the year 1902. Ben Patterson left surviving him a widow and several minor children, and his estate is insolvent. Appellee, Jim Patterson, qualified as permanent administrator of said estate on the 20th day of January, 1903, and filed an inventory and appraisement of the estate on January 30, 1903. The estate consists entirely of personal property of the probable value of $1200. After the death of Patterson it was agreed by appellant and appellee, Jim Patterson, who at the time said agreement was made was temporary administrator of said estate, that the crop raised by the deceased on appellant's farm during the year 1902 should be sold and the money received for same deposited in the bank and be held subject to any lien which appellant might have had upon said crop. In pursuance of this agreement the crop was sold and the proceeds thereof deposited in the Bank of Angleton.

On the day that the inventory was filed Mrs. M. E. Patterson, widow of Ben Patterson, for herself and minor children, filed in the County Court of Brazoria County, in which the administration of said estate is pending, an application for an allowance for a year's support for herself and minor children. This application shows that Mrs. Patterson has no means of support, that the estate of her deceased husband is

insolvent, and that applicant is living in a rented house and has no money with which to pay her rent. It further shows that the only funds of the estate are the proceeds of the sale of the crop raised by the deceased upon appellant's farm during the year 1902, which amounts to the sum of $855.15, and asks that the allowance prayed for be ordered paid out of said proceeds.

This application was granted by the court and the allowance fixed at $600 to be paid out of the funds above mentioned. This action of the court was over the protest of appellant, who contested the application for allowance on the following grounds:

"1. That such application should not be heard and the allowance made at the same term granting the original letters of administration.

"2. The allowance should not be paid in whole or part out of the sum of money on deposit in the Bank of Angleton, for the reason that it was the proceeds of a crop of rice grown on appellant's farm, on which appellant had a landlord's lien to secure the payment of his claim of advancements made to decedent as his tenant, and that his right to have said money applied to the payment of his claim was superior to the said claim for allowance.

"3. That the estate of Ben Patterson was insolvent, and unless the said deposit fund was applied to the payment of appellant's claim he would lose his debt."

Appellant appealed from the order of the County Court to the District Court of Brazoria County, and upon a trial de novo in that court the same judgment was rendered as in the County Court.

We are of opinion that the court below erred in holding that the claim for an allowance for a year's support for the widow and minor children of the deceased was superior to appellant landlord's lien upon the crop of the tenant for supplies and advances during the year in which said crop was raised. In the case of Champion v. Shumate, 90 Texas, 597, our Supreme Court holds that the landlord's lien for rents is superior to the claim of the widow for an allowance in lieu of exempt property. The lien given the landlord by the statute for supplies and advances, teams and tools, furnished the tenant is of equal dignity as that given for rents, and the claim of the widow for an allowance in lieu of exempt property is placed by the statute upon the same plane as the claim for a year's support. Such being the relative status of the several items, it necessarily follows that if the landlord's lien for rents is superior to the widow's claim for an allowance in lieu of exempt property, the landlord's lien for supplies and advances is superior to the widow's claim for an allowance for a year's support.

While the statute does not in express terms restrict the lien given the landlord to the crop raised during the year in which the rent accrues, or in which advances are made or supplies furnished, we are of opinion that such is the proper construction to be given the statute. The lien is given for supplies furnished and advances made to the tenant to

enable him to make the crop, and only attaches to the crop for the making of which such advances were made or supplies furnished.

Of course the tenant could give a mortgage lien on his crop raised in one year to secure the landlord in the payment of amounts due him for supplies or advancements in previous years, but unless signed by the wife such lien would not be superior to her claim for an allowance.

In view of the disposition of this appeal in conformity with the views above expressed, appellant's objection to the allowance being made at the same term of the court at which the administrator was appointed becomes immaterial and need not be passed upon. We are, however, of opinion that the statute on this subject is merely directory and a failure to observe it would not of itself authorize a reversal of the case.

From what has been said it follows that appellant has a lien on the fund derived from the sale of the crop for the amount due by the tenant for supplies and advancements during the year 1902 which is superior to the widow's claim for an allowance for a year's support. The judgment of the court below will therefore be reversed and the cause remanded for a new trial in accordance with the views above expressed.

*Reversed and remanded.*