NEWNOM v. HEDEMAN et al. (No. 5588.)*

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1916. Rehearing Denied March 15, 1916.)

1. MORTGAGES ☞151(7)—PRIORITY — ALLOWANCE TO WIDOW.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3413, provides for the setting apart for the use and benefit of the widow and minor children all property exempt from execution, with the exception of exemption of one year's supply of provisions. Article 3414 authorizes an allowance in lieu of such articles exempted which are not among the effects of the deceased. Article 3420 provides that no property on which liens have been given by the husband and wife, acknowledged in a manner legally binding upon the wife to secure creditors, shall be set aside to the widow or children until the debts secured by such liens are discharged. Article 3422 provides that if the estate on final settlement is insolvent, the title of the widow to all property and allowances set apart is absolute, and cannot be taken for debts of the estate, except as provided by article 3428, which requires payment of funeral expenses and the expenses of the last sickness of the deceased. Before marriage, deceased gave a mortgage on certain property, in which the creditor did not have the wife join after the marriage. Held, that her right to the allowance was superior to the lien of the mortgagee, the provision of article 3420 providing an exception in favor of the creditor, within whose terms he must clearly bring himself, so that, where the mortgage was not signed by the wife, the creditor had no lien as against her claim for an allowance.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 332–336; Dec. Dig. ☞151(7).]

2. EXECUTORS AND ADMINISTRATORS ☞182 — ALLOWANCE TO WIDOW—PRIORITY — INSOLVENT ESTATES.

In such case, if the estate was insolvent Vernon's Sayles' Ann. Civ. St. 1914, art. 3420, did not apply.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 651, 686–693; Dec. Dig. ☞182.]

Appeal from District Court, Llano County; N. J. Stubbs, Judge.

Proceedings between Mrs. May Newnom, surviving widow, and H. E. Hedeman and others to determine priority of claims against the estate of Geo. H. Newnom, deceased. From orders allowing certain sums to the widow but subordinating payment to the claims of mortgage creditors, she appeals. Affirmed in part, and in part reversed and rendered.

J. H. McLean, of Llano, for appellant. Wilburn Oatman, of Llano, for appellees.

RICE, J. This is a controversy between the appellant, the surviving widow of Geo. H. Newnom, deceased, who is executrix of his estate, on the one hand, and appellee and other mortgage creditors of said estate on the other, as to the priority of their claims against said estate over the allowances set apart to her in lieu of exemptions. The facts are substantially these: Prior to the marriage of appellant to said Newnom he had, while a single man, given a mortgage lien to appellee Hedeman to secure a note executed by him to said Hedeman on seven head of cattle, which was a valid, subsisting, and unsatisfied lien, both at the time of his marriage and death, but which had never been signed or acknowledged by his wife after their marriage. Upon his death appellant, his surviving widow, qualified as executrix of his estate, which was insolvent, and, as such, applied to the probate court of Llano county for an order setting apart to her her statutory allowances and exemptions, and in response thereto said court made an order, allowing her $300 for a year's support and the following sums in lieu of exempt property not on hand in kind, viz.: $500 in lieu of homestead and $495 in lieu of other exempt property—but subordinated the payment thereof to that of all claims secured by mortgage or other lien on the property of deceased. The court, however, found the Hedeman claim to be the only one so secured, and awarded it priority over appellant's allowances in lieu of exemptions. She, being dissatisfied with that judgment, appealed to the district court, where a similar judgment was rendered, taxing costs of both courts against her, from which she prosecutes this appeal, urging by her first assignment that the court erred in rendering judgment giv-

ing priority to the claim of appellee, because she had not signed and acknowledged said claim, as required by law; and, second, because, in addition thereto, said estate was insolvent at the time of her husband's death.

By article 3413, Vernon's Sayles' Rev. Civ. Stats., it is provided that:

"At the first term of the court after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court, by an order entered upon the minutes, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the constitution and laws of the state, with the exception of any exemption of one year's supply of provisions."

By article 3414, Id., it is provided that: "In case there should not be among the effects of the deceased all or any of the specific articles so exempted it shall be the duty of the court to make a reasonable allowance in lieu thereof, to be paid to such widow and children, or such of them as there may be as hereinafter directed."

By article 3420, Id., it is provided that: "No property upon which liens have been given by the husband and wife, acknowledged in a manner legally binding upon the wife to secure creditors, or upon which a vendor's lien exists, shall be set aside to the widow or children as exempted property or appropriated to make up the allowances made in lieu of exempted property, until the debts secured by such liens are first discharged."

Article 3422, Id., provides that: "Should the estate, upon final settlement, prove to be insolvent, the title of the widow and children to all the property and allowances set apart or paid to them, under the provisions of this and the preceding chapter, shall be absolute, and shall not be taken for any debts of the estate, except as hereinafter provided."

Article 3428, Id., provides that: "The exempted property, other than the homestead, or any allowances made in lieu thereof, shall be liable for the payment of the funeral expenses and the expenses of last sickness of deceased, when presented within the time prescribed therefor; but such property shall not be liable for any other debts of the estate."

[1] Appellant contends that by reason of the provisions of article 3420, her claim for allowances was superior to that of appellee, and that the court erred in failing to give it priority. We agree with this contention. In the absence of this provision it would seem that any of the property of the deceased, no matter whether mortgaged or not, could, under the statutes above quoted, be applied to the payment of such allowances and exemptions. If this be true, then article 3420, reserving the exempt property, upon which creditors have acquired a lien in accordance with its provisions, from being taken or appropriated for the payment of the exemptions, is an exception to the general rule. Therefore, for the creditor to bring himself within its exceptions, he must literally comply with its provisions, which it appears he has failed to do in the instant case, as the mortgage was not signed and acknowledged by the wife, as required by said article. It is true that at the time of its execution G. H. Newnom was a single man, and hence it could not have been so executed; but no reason is shown why appellant could not have signed and acknowledged it after their marriage. So we think the requirements of the statute have not been met, which, in order to give such claim priority over allowances set apart to the widow and children, makes it necessary for the wife to sign and acknowledge such claim. If deceased had remained single, then appellee had the absolute right to have the proceeds of the mortgaged property applied to the satisfaction of his debt. Having married, his status was changed, and the law applicable to such changed condition must be held to apply. Appellee, failing to bring himself within the terms of the statute, cannot, we think, be held to come within either its spirit or letter, and must be held to have accepted the mortgage with a knowledge of the law, and cannot now claim the benefit of its privileges without complying with its terms.

[2] But, if we are mistaken in this, in the present case article 3420 cannot be held to apply for another reason. The estate is insolvent, and it has been held that this provision will not apply to insolvent estates. See Krueger v. Wolf et al., 12 Tex. Civ. App. 167, 33 S. W. 663, in which writ of error was refused. For other cases bearing upon the subject here discussed, see Champion et al. v. Shumate, 90 Tex. 597, 39 S. W. 128, 362, 40 S. W. 394; Parlin & Orendorff Co. v. Davis, 74 S. W. 951; Hoffman v. Hoffman, 79 Tex. 189, 193–196, 14 S. W. 915, 15 S. W. 471; McLane v. Paschal, 47 Tex. 365; Abney v. Pope, 52 Tex. 288; Mabry v. Ward, 50 Tex. 404 et seq.; Robertson v. Paul, 16 Tex. 472–475; Giddings v. Crosby, 24 Tex. 295–299; Terry v. Terry, 39 Tex. 310; Mayman v. Reviere, 47 Tex. 357; Griffie v. Maxey, 58 Tex. 210; Ford v. Sims et al., 93 Tex. 586, 57 S. W. 20.

For the reasons stated, the judgment of the court below is reversed, and here rendered in favor of appellant as against the claim of appellee Hedeman, but in other respects it is, in all things, affirmed.

Affirmed in part, and in part reversed and rendered.