### B. R. ABERNETHY, ADMINISTRATOR, v. EDNA BASS.
#### No. 541.

**Superior Title—Transfer of Vendor's Lien Note—Deed After Note is Barred.**—Where a vendor of land who receives in part payment a note with vendor's lien reserved in the deed transfers the note, guarantying its payment, and afterwards, in consideration of his release from such guaranty, conveys the land to the owner of the note, the latter acquires the title to the land, and in default of payment of the note may recover the land from the first vendee, the maker of the note, although such later deed be made after the note is barred by limitations.

APPEAL from Gonzales.   Tried below before Hon. T. H. SPOONER.

*Thomas McNeal* and *Atkinson & Abernethy*, for appellant.—When the vendor of a tract of land assigns a vendor's lien note without at the same time conveying or transferring the superior title, the superior title which had been held by him is extinguished, and the assignee of the note can not, after the note becomes barred by limitation, purchase the superior title from the vendor, or recover the land from the vendee, by reason of any such superior title.

An assignee of a vendor's lien note, not having the superior title conveyed to him at the time of his purchase of the note, after the note becomes barred (when the plea of limitations is interposed), can not recover on the note; nor can he recover the land.   McCamley v. Water-

house, 80 Texas, 340; Cassidy v. Frankland, 55 Texas, 452; same case, 62 Texas, 418; Moore v. Glass (Texas Civ. App.), 25 S. W. Rep., 128. The last case is directly in point, and sustains fully the views of appellant.

*Harwood, Harwood & Walsh,* for appellee.—The deed from McDonald to Sims was an executory contract for the conveyance of land, and the superior title remained in the vendor until the money was paid, and upon the failure of Sims to pay for the land he could rescind the contract and recover the land itself; and while the title to the land did not pass by an assignment of the note, McDonald, the vendor of the land, held the legal title to the land in trust for both the vendor Sims and Bass, the assignee of the note, or for whoever may become ultimately entitled to it; and when the assignee of the note, Bass, acquired the superior title to the land, she acquired the same right to recover the land originally vested in the grantor McDonald. Hamblen v. Folts, 70 Texas, 134.

NEILL, ASSOCIATE JUSTICE.—Suit by appellee in trespass to try title to 100 acres of land. In addition to the matters required to be stated by article 4786 of our Revised Statutes, the appellee alleged, "that the land sued for was the same tract conveyed by Robert Mc-Donald to J. H. Sims, by deed dated February 23, 1888, for which a note was executed by Sims, as a part of the consideration, for the sum of $250, with 10 per cent interest, of even date with said deed, and due January 1, 1889; to secure the payment of which note, a lien on the land was reserved in the deed and note; that the note was by Robert McDonald, for value and before maturity, together with the vendor's lien, indorsed, transferred, and delivered to A. T. Bass, now deceased, the father of appellee; that appellee is the owner of the note, having received the same in settlement of her father's estate; that J. H. Sims failed to pay said note; that said note was presented to B. R. Abernethy, administrator of Sims' estate for allowance, on October 18, 1893, and was by him rejected; that she is the owner of the superior title to said land by purchase from Robert McDonald, prior to the filing of this suit; that by reason of said Sims' and his representative's failure to satisfy said note, the sale to Sims is avoided by his failure to comply with the terms and conditions named in said bond."

The wife and children of James H. Sims, who were his only heirs, were also made parties defendant.

The appellee prayed judgment for the possession and restitution of the premises, for cancellation of the deed from McDonald to Sims, for equity, and general relief.

The appellant, Abernethy, demurred generally, and specially on the ground that the petition showed on its face that appellee's claim was barred by the statute of limitations of four years. The demurrers were overruled, and exceptions reserved by appellant to such rulings.

The wife of Sims and S. L. Sims, one of the children, joined the administrator in his demurrer and exceptions to appellee's petition. After which they alleged that J. H. Sims died insolvent; that the land sued for was no part of such of his property as is exempt to the family of deceased.

The other children were minors, and a guardian ad litem being appointed for them, he answered by a general denial and plea of not guilty. The judgment, however, recited, that it appeared from the answer of Mrs. S. C. Sims and Stella L. Sims, and from the answer of the guardian ad litem of the minors, that they disclaimed all right to the whole or any part of the land involved in the suit.

The cause was tried by the court without a jury, and judgment rendered in favor of appellee against B. R. Abernethy, as administrator of the estate of J. H. Sims, and the heirs of Sims for the land sued for, all costs of suit being adjudged against the administrator.

It is provided, however, by the judgment, that no writ of possession shall issue for the period of ninety days from the date thereof; and that if within that period the administrator shall pay to the clerk of the court, for the benefit of appellee, the sum of $359.30 the amount due on the note given by Sims for the land, with interest from date of judgment, no writ of possession shall issue, and in that event title shall not be divested by the judgment. The judgment is appealed from by the administrator alone.

*Conclusions of Fact.*—1. On the 23rd day of February, 1888, James H. Sims executed and delivered to Robert McDonald his promissory note, the tenor and terms of which are as follows:

"$250.00.　　　　　　　"GONZALES, TEXAS, February 23, 1888.

" On the first day of January, 1889, I promise to pay to Robert McDonald, or order, at Gonzales, Texas, the sum of two hundred and fifty dollars, with interest at 10 per cent per annum until paid. This note is given in part payment of the purchase money for 100 acres of land, part of the John Withers survey, situated in Gonzales County, Texas, and conveyed to me by Robert McDonald and wife, by deed of even date herewith.　　　　　[Signed]　　"JAS. H. SIMS."

Upon which note the following indorsements appear, viz:

"For value received, I transfer this note to A. T. Bass, and guarantee the payment of same on or before the 23rd day of February, 1890, at 12 per cent interest per annum from this date, and 10 per cent attorney's fees, if suit is filed for collection.
　　　　　　　　　[Signed]　　"ROBERT McDONALD."

"February 23, 1889: Received interest due to date, $25. February 23, 1890: Received interest due to date $30. February 23, 1890: Amount due on this note to this date, two hundred and fifty dollars,

which I agree shall bear 12 per cent interest per annum until paid, and 10 per cent attorney's fees, if suit be filed for collection.

[Signed]     "ROBERT MCDONALD."

2. At the time the note was executed, Robert McDonald and wife made and delivered to James H. Sims their warranty deed conveying the land in controversy, which deed recites the consideration to be $400—$150 cash and $250 in promissory note of even tenor and date of deed, secured by a vendor's lien on the land, which note is the one above described.

3. J. H. Sims died in June, 1893, and in the same year the appellant, B R. Abernethy, was appointed and qualified as administrator of his estate.

4. Soon after the note was executed, and before its maturity, it was transferred for value to A. T. Bass by Robert McDonald. Afterwards A. T. Bass died testate, and his daughter Edna, the appellee, who was one of his legatees, received and became the owner of the note as such legatee in the partition and distribution of the estate of the testator.

5. The note above described was, on the 17th day of October, 1893, duly proven according to law as a claim against the estate of J. H. Sims, deceased, and presented to the appellant as administrator for allowance, and was by him, on the 18th day of October, 1893, rejected, upon the ground that the claim was barred by the statute of limitations of four years.

6. On the 17th day of December, 1893, Robert McDonald made the appellee, Edna Bass, a warranty deed for the land in controversy, which deed contains the following recitals, to wit:

"That whereas by deed of date February 23, 1888, I, Robert McDonald, did sell and convey unto James H. Sims, of Gonzales County, Texas, the herein after to be described tract of land, for the sum of four hundred dollars, of which $150 is recited to have been paid in cash, and there was given a purchase money note of even date with said deed, due January 1, 1889, for the sum of two hundred and fifty dollars, with interest at 10 per cent per annum from date until paid, in which deed the vendor's lien is expressly reserved to secure the payment of said note; and whereas, for value received I indorsed and transferred said vendor's lien note to A. T. Bass, and guarantied the payment of said note on or before the 23rd day of February, 1890, with interest at 12 per cent per annum from date until paid, and 10 per cent attorney's fees if suit be filed for collection, and guarantied the payment of said note; and said note was again renewed by me by indorsement on said note on said February 23, 1890, in consideration of its maturity; and whereas the said vendor's lien note is now long past due and unpaid, and the said James H. Sims has wholly failed and refused to pay the same; and whereas the said A. T. Bass is now dead, and the said vendor's lien note above described was allotted and transferred in partition of his estate to Edna Bass, his daughter, who

is now the legal owner and holder of the same, I do hereby repudiate and cancel said sale uncompleted by the said J. H. Sims, and in consideration of the satisfaction of my indorsement and guaranty of the payment of said note, have this day, and do by these presents bargain, sell, convey," etc.

*Conclusions of Law.*—It is a well established principle of law in this State, that a vendor of land who expressly retains a lien in his deed to secure the payment of notes given for the purchase money, has the superior title to the land against his vendee until the purchase money is paid.    Baker v. Rainey, 27 Texas, 59; Peters v. Clements, 46 Texas, 123; Masterson v. Cohen, 46 Texas, 523; Pitschki v. Anderson, 49 Texas, 3; Hale v. Baker, 60 Texas, 219; Tom v. Wollhoefer, 61 Texas, 279.    This proposition is not denied by the appellant, but it is sought to be avoided, upon the ground that the superior title of the vendor was extinguished by the transfer of the note.    In Cannon v. McDaniel, 46 Texas, 313, which was a case where the vendor conveyed a tract of land, and the vendee, when the deed was made, executed his three notes for the purchase money and a mortgage to secure them, and afterwards the vendor assigned two of the notes and guarantied their payment, it was held that the legal title remained in the vendor, who, as to the two notes assigned by him, held it in trust for the benefit of the owners of the notes so assigned.    In Jones on Liens, section 1119, it is said, that "If a vendor who retains the legal title for his security assigns the notes taken for the purchase money, he then holds the legal title as trustee for the holder of the notes."    In Hamblen v. Folts, 70 Texas, 133, it is held, that a transfer of the vendor's superior title to the assignee of unpaid purchase money notes, received by the original vendor in an executory contract for the sale of land, vests in the assignee such title as will enable him, in default of payment of the notes, to recover the land, though the notes are barred by the statute of limitation, and be forever quieted in his title and possession of the premises.    As a general rule, a vendee who, after having paid part of the purchase money, refuses to go on with the contract, forfeits the amount already paid, and the vendor may sue and recover the land agreed to be conveyed.    Estes v. Browning, 11 Texas, 243.    In this case it is said by Chief Justice Hemphill, that "The wisdom and policy of this rule are too manifest to require the adduction of any reason in its support. Its effect is to declare that no man shall claim title to land of another without payment of the price agreed upon; nor shall he who refuses performance make his own default the ground of rescission, nor be thereby entitled to compensation for part performance, or for recovery of such portion of the purchase money as he had already advanced."

In view of the authorities cited, we are of the opinion that in cases like the one under consideration, where a lien is expressly reserved by the vendor on land at the time of its sale to secure a note given him by the vendee for the purchase money, and the note is afterwards

transferred by the payee and he guaranties its payment, the payment and discharge of the note is essential to vest the legal title in the vendee, and that before the note is paid, the vendor, who holds the legal title to the land in trust for his assignee, as well as to secure himself on his guaranty, may, in consideration of his discharge from his guaranty by his assignee, convey such legal title to the owner and holder of the note; who may then, in default of payment, although the note may be barred, upon such title institute suit and recover possession of the land from the vendee.

The case of Moore v. Glass, 25 Southwestern Reporter, 129, supports appellant's proposition, that "When a vendor of a tract of land assigns a vendor's lien note, without at the same time conveying or transferring the superior title, the superior title which had been held by him is extinguished, and the assignee of the note can not, after the note becomes barred by limitation, purchase the superior title from the vendor, or recover the land from the vendor by reason of any such superior title." We do not think either the case of Cassaday v. Frankland, 55 Texas, 452, nor McCamly v. Waterhouse, 80 Texas, 341, cited by the court, support the proposition. In the first case, there was no express reservation either in the deed or note of a lien on the land conveyed. As in the case of Baker v. Compton, 52 Texas, 264, the legal title passed by the deed to the vendee. In the latter case, the question involved and decided by the court was different from the one decided in Moore v. Glass, and now under consideration. Though language is used in the opinion which seems to support appellant's proposition, it is only applicable to the point decided in that case, and wholly inapplicable to the questions involved in the one before us.

The heirs of Sims were proper parties to the suit, and these not having disclaimed until the case was tried, it would not have been proper to assess the costs incurred on their account against the appellee.

The judgment of the District Court is affirmed.

*Affirmed.*

Delivered December 12, 1894.

FLY, Associate Justice, did not sit in this case.

Writ of error refused.