### GEO. E. TOULLERTON v. L. MANCHKE, ADM'R.

#### No. 662.

#### Decedent's Estates—Priority of Claims—Vendor's Lien.

The vendor's lien, when held together with the vendor's superior title, is entitled, in the application of the proceeds of the sale of the land in the settlement of a decedent's estate, to precedence over every class of claims.

APPEAL from Bexar. Tried below before Hon. S. G. Newton.

*Hines & Bee* and *J. S. Lockwood,* for appellant.—The assignee of the vendors' lien notes took the superior title to the land as against the creditors of the estate. McCamley v. Waterhouse, 80 Texas, 343; Hamblin v. Folts, 70 Texas, 137; Moore v. Glass, 6 Texas Civ. App., 369; Wahrmund v. Merritt, 60 Texas, 27.

*Otto Staffel* and *J. D. Martin,* for appellee.—The superior title of a vendor holding vendors' lien notes, does not pass to the endorsee of the notes by mere endorsement, and the vendor having been paid a valuable consideration for the notes, he has been paid for his land, and the absolute title vests in the vendee, and the endorsee is in the attitude of an ordinary lien holder. McCamley v. Waterhouse, 80 Texas, 343.

FLY, ASSOCIATE JUSTICE.—Appellant and one Huberich were joint owners of certain lots of lands in the city of San Antonio, and sold the same to George Blunck for ninety dollars cash, and twenty-two notes payable to their order, reserving the vendor's lien in deed and notes to secure the payment of the latter. Afterwards Huberich endorsed his half interest in the notes to appellant. Two of the notes were transferred to L. Manchke by appellant. Afterwards Blunck died, leaving eleven of the notes in the hands of Toullerton, and two belonging to Manchke, unpaid. Manchke was appointed administrator, and his claim and that of appellant were allowed by the administrator and approved by the County Court as claims of the third class. There were several claims of the first class allowed, and there were expenses of administration. The Toullerton and Huberich lots were the only land inventoried for the estate. The estate was insolvent. The land was sold by the administrator, and appellant applied to the County Court for an order compelling the administrator to pay over to him on his notes the proceeds of the sale. The answer of the administrator showed that there were claims of the first and second class that would consume a large portion of the proceeds arising from the sale of the land, and that he had paid all that remained after paying those claims, on the vendor lien notes. The County Court ordered the payment in full of the claim of Toullerton. The case was appealed to the District Court, and judgment was rendered that as to one-half of his claim, amounting to $142.50, Toullerton had precedence over any other claim, and that the administrator, having paid him $100 on the claim, should pay him the balance, amounting to $42.50, and that the other half of the claim was an ordinary one of the third class.

In art. 2037, Rev. Stats., it is provided that "claims against an estate shall be classed and have priority of payment as follows:

1. Funeral expenses, and expenses of last sickness.

2. Expenses of administration, and the expenses incured in the preservation, safe-keeping and management of the estate.

3. Claims secured by mortgage or other liens, so far as the same can be paid out of the proceeds of the property subject to such mortgage or

other lien, and when more than one mortgage or lien shall exist upon the same property, the oldest shall be first paid; but no preference shall be given to such claims secured by mortgage or lien further than regards the property subject to such mortgage or other lien."

It is the contention of appellant that section 3 above quoted does not apply to a vendor's lien, but that it would have precedence over claims of any class, and that this would be true whether the notes remained in the hands of the vendor, or had passed, without the transfer of the superior title, into the hands of a third party. On the other hand, it is urged by appellee that when a note given for purchase money of land is transferred to another without being accompanied by a transfer of the superior title, it will be treated as any other lien.

It is a well established principle in this State that the vendor of land who retains a lien in his deed holds the superior title to the land as against his vendee until the purchase money is paid. Hamblin v. Folts, 70 Texas, 132; Abernethy v. Bass (Civ. App.), 29 S. W. Rep., 398; White v. Cole, 87 Texas, 500.

The mere transfer of a purchase money note carries with it the lien on the land, but the superior title does not pass by such transfer. Cannon v. McDaniel, 46 Texas, 313.

One-half of the notes held by Toullerton were given to him for the purchase money of his half interest in the land, the others were transferred to him by Huberich, the superior title not being conveyed to him. He therefore held the superior title in only an undivided one-half interest in the land.

While all liens are made claims of the third class by the statute, it has been held by the Supreme Court in a line of decisions, that when the superior title to land is in the holder of notes given for the purchase money, his lien has precedence over any claim. In the case of Robertson v. Paul, 16 Texas, 472, the court said: "In the present case, however, the mortgage was given to secure the purchase money for the property mortgaged. The price remaining wholly unpaid, the vendor has the better right or superior title to the land. In this case, therefore, the property was first subject to the payment of the purchase money secured by the mortgage, and until that be satisfied, it will not be subject to any other claim upon the estate, though having a preference over debts generally secured by mortgage. To vest an indefeasible title in the estate, which will render the property subject to the payment of the other claims upon it, the purchase money must be paid. But although the property is not subject to the payment of the other debts of the estate until after the payment of the purchase money, still there is some necessity for its presentation for allowance and approval duly authenticated." This authority, so far as we know, has never been questioned, but has been approved in a number of instances. Giddings v. Crosby, 24 Texas, 295; Mabry v. Ward, 50 Texas, 404; Jenkins v. Cain, 72 Texas, 88.

Following these authorities, we hold that the vendor's lien on land, when held together with the vendor's superior title, must in the applica-

tion of the proceeds of the sale of the land have precedence over every class of claims, whether for funeral expenses and for last sickness, expenses of administration, or allowances made to the widow and children. One-half of appellant's claim belonged to this class, the remainder did not. The latter was in his hands a claim secured by a lien, the better title or superior right not being vested in him. Cassaday v. Frankland, 55 Texas, 452; Jenkins v. Cain, 72 Texas, 88.

It follows that the judgment of the District Court was correct, and should be affirmed.

*Affirmed.*

Delivered September 25, 1895.