**R. B. GODLEY LUMBER CO. et al. v. C. C. SLAUGHTER CO.**   (No. 1883.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 20, 1918. Rehearing Denied Feb. 28, 1918.)

1. JUDGMENT ⬥�813743(2)—RES JUDICATA—RIGHT TO RECOVER LAND.

A judgment merely denying to plaintiff recovery of land, without vesting title thereto in defendant, is not res judicata as to right to recover the land in a subsequent suit.

2. VENDOR AND PURCHASER ⬥�813754—TITLE BEFORE PAYMENT.

Vendor has the superior title until payment by vendee.

3. VENDOR AND PURCHASER ⬥�813208—SUPERIOR TITLE OF VENDOR—ASSIGNMENT.

Vendor may pass his superior legal title to the holder of unpaid purchase-money notes.

4. VENDOR AND PURCHASER ⬥�813261(1)—VENDOR'S INTEREST—ASSIGNMENT.

As vendor may pass his superior legal title to the holder of an unpaid purchase-money note, the assignee of the note and superior title may likewise pass such title to a subsequent assignee of the same unpaid note.

5. VENDOR AND PURCHASER ⬥�813261(1)—VENDOR'S INTEREST—ASSIGNMENT.

The fact that a transfer of a purchase-money note and lien and vendor's superior legal title occurs at different dates would not affect the transferee's right to recover the land.

6. JUDGMENT ⬥�813743(2) — RES JUDICATA—TITLE TO LAND.

Plaintiff in a suit to recover land is not precluded by a former judgment from asserting a subsequently acquired title.

7. VENDOR AND PURCHASER ⬥�813299(1)—LIMITATIONS—RECOVERY OF LAND.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, limiting right to recover land by vendor or his transferee to four years after maturity of the purchase-money note, applies to an action for the recovery of land by the owner of a purchase-money note and the vendor's superior title.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by the C. C. Slaughter Company against the R. B. Godley Lumber Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 171 S. W. 779.

Appellee company sued the appellant company and W. M. C. Hill, trustee in bankruptcy, on April 19, 1915, in trespass to try title to certain described tracts of land. The petition further set up that the appellee was the owner and holder of a vendor's lien note against the land, and that, if appellee be denied recovery of the land itself, then judgment for the debt be rendered with foreclosure of the lien on the land in accordance with the alternative prayer. The defendants answered with demurrer, statute of limitation in bar of suit, plea of not guilty, general denial, and a plea of res adjudicata. The plea of res adjudicata is to the effect that cause of action No. 7236 in the district court of Smith county, Tex., styled C. C. Slaughter, Jr., v. R. B. Godley Lumber Company, was to try the title to the same land described in the present suit, and the judgment entered in the district court in favor of C. C. Slaughter, Jr., against R. B. Godley Lumber Company for the land was, on appeal to the Court of Civil Appeals of the Sixth District, reversed, and final judgment there entered denying to C. C. Slaughter, Jr., a recovery of the land. By supplemental petition the appellee answered that in the suit No. 7236 set up by the appellant it was not the owner of the title now claimed in the present suit, but acquired the title now claimed after the final determination of the said suit. There was a trial before the court without a jury, and judgment was entered in favor of the appellee for the land.

On December 5, 1906, W. L. Noble conveyed by deed to R. B. Godley Lumber Company, a corporation, certain lands. The consideration was $11,329.30 payable to the order of W. L. Noble on or before five years after the date, which was December 5, 1906, and bearing 5 per cent. interest annually. The deed as well as the face of the note expressly retained a vendor's lien on the land to secure payment of the said purchase-money note. The president of the R. B. Godley Lumber Company was authorized by the directors to purchase the land and execute the note. On December 12, 1906, the R. B. Godley Lumber Company executed a deed of trust on the lands sued for to A. A. Slaughter, trustee, to secure C. C. Slaughter in the payment of a note for $11,329.30 due five years after its date of December 12, 1906. The note was in evidence with the indorsement by C. C. Slaughter of:

"Without recourse on us, either in law or equity, for value received, I hereby transfer the within note, with all liens on property connected with securing the payment thereof to C. C. Slaughter, Jr., or order. April 1st, 1913."

On September 29, 1908, W. L. Noble made a written transfer of the vendor's note and also of the superior legal title to the land to the Kansas City Life Insurance Company, which was duly registered. On December 21, 1911, the Kansas City Life Insurance Company made written transfer of the note and lien to C. C. Slaughter, which transfer was duly registered. On April 11, 1913, C. C. Slaughter in writing transferred the note and the lien to C. C. Slaughter, Jr., which transfer was duly registered. On January 2, 1915, the Kansas City Life Insurance Company executed a quitclaim deed to C. C. Slaughter, Jr., to the lands described in the deed from W. L. Noble to the R. B. Godley Lumber Company, which conveyance was duly registered. On April 15, 1915, C. C. Slaughter, Jr., executed a quitclaim deed to C. C. Slaughter Company to the lands in the deed from W. L. Noble to the R. B. Godley Lumber Company, which was duly registered on April 19, 1915. The C. C. Slaughter Company was the assignee of the vendor's lien

note from C. C. Slaughter, Jr. The purchase-money note has not been paid by the vendee.

The defendant offered in evidence the original petition of the plaintiff in cause No. 7236 in the district court of Smith county, Tex., styled C. C. Slaughter, Jr., v. R. B. Godley Lumber Company, which was filed in April, 1913. The suit was for the recovery of the amount due on the vendor's lien note of December 5, 1906, and for the foreclosure of the lien, and also in the same suit to recover upon the other note for $11,329.30 secured by the deed of trust, and for foreclosure of the mortgage lien. Afterwards, on July 1, 1913, the plaintiff in that suit filed a first amended original petition and sued in trespass to try title to the land upon which the vendor's lien was retained, and also to fix the alleged mortgage lien upon the land without foreclosure. The amended petition was prosecuted in the district court to final judgment therein, which was a recovery of the lands sued for and also fixing upon the lands the mortgage lien securing the second note for $11,329.30. The land in that suit is the same land as in the present suit. On appeal the said judgment of the district court was, on the 14th day of November, 1914, reversed, and a judgment rendered that C. C. Slaughter, Jr., take nothing by his suit as to the land, but affirming that portion of the judgment establishing the mortgage lien. The judgment of the court of appeals became final. The opinion of the court of appeals was offered in evidence as reported in 171 S. W. 779.

Harry P. Lawther, of Dallas, and T. N. Jones, of Tyler, for appellants. K. R. Craig, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1-6] Appellant insists that the final judgment in the action of C. C. Slaughter, Jr., v. R. B. Godley Lumber Company, works an estoppel by res adjudicata against the parties to this suit for the recovery of the same land. It is believed the contention should be overruled. As decided by the court on the merits of that suit, that as C. C. Slaughter, Jr., was the assignee of the vendor's lien note without transfer to him of the superior legal title to the land by or through the Kansas City Life Insurance Company, he was not entitled to have the legal title to the land decreed to him in that suit. The judgment merely denied to the plaintiff a recovery, without vesting any title to the land in the defendant. Godley Lbr. Co. v. Slaughter, 171 S. W. 779. It appears, though, in the present case, that after the final determination of the above suit C. C. Slaughter, Jr., procured a conveyance of the superior legal title to the land from the Kansas City Life Insurance Company, and conveyed the superior legal title to the appellee, who is now the legal owner of the vendor's lien note. The vendor, as decided, has the superior title until pay-

ment by the vendee. Howard v. Davis, 6 Tex. 174. And the vendor has the right to pass the superior legal title to the holder of the unpaid purchase-money notes. Hamblen v. Folts, 70 Tex. 132, 7 S. W. 834. As the vendor may pass the superior title to the holder of the unpaid purchase-money note, then such assignee of the note and superior title may likewise pass such superior title to a subsequent assignee of the same unpaid purchase-money note. And that the transfer of the note and lien and the superior title by the Kansas City Life Insurance Company occurred at different dates would not affect the transferee's right to recover the land. White v. Cole, 87 Tex. 500, 29 S. W. 759; Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878. See Abernethy v. Bass, 9 Tex. Civ. App. 239, 29 S. W. 398. And it is the settled rule that in a suit founded upon a subsequently acquired title the plaintiff is not precluded by a former judgment from asserting such subsequently acquired title. Connolly v. Hammond, 51 Tex. 635; Id., 58 Tex. 21; Rogers v. Southern Pine Co., 21 Tex. Civ. App. 48, 51 S. W. 26. Thus the superior title upon which the present suit is founded having been acquired by C. C. Slaughter, Jr., subsequent to the final adjudication of the former suit, it would follow that neither C. C. Slaughter, Jr., nor his assignee, the appellee, is precluded by the former judgment from asserting such subsequently acquired superior title.

[7] The appellant insists that the appellee's right to recover the land by virtue of being the holder of the superior title is barred by the statute of limitations of one year, under Act Special Session of 1913, p. 39 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695). The note was dated December 5, 1905, due five years after date. The conveyance of the superior title to appellee was made April 15, 1915. Article 5694, Vernon's Sayles' Statutes, has application, it is believed, to this case. That article provides four years after the maturity of the note as the period of limitation on the right to recover the land by the vendor or his transferee, unless such time should be extended, which was not involved here, under the provisions of article 5695. Adams v. Harris, 190 S. W. 245.

The judgment is affirmed.