### GEORGE et al. v. FIRST NAT. BANK OF TULIA.

### No. 4106.

Court of Civil Appeals of Texas. Amarillo.

Dec. 6, 1933.

Rehearing Denied Jan. 15, 1934.

Monning & Akin, of Amarillo, for appellants.

George J. Jennings and Ray G. Jordan, both of Tulia, for appellee.

MARTIN, Justice.

On March 6, 1933, Mrs. Avo George, individually and as administratrix of the estate of Andy J. George, deceased, and as next friend of three minor children, filed a petition for a writ of certiorari in the district court of Swisher county. Upon presentation to the judge of said court, an order was made that such writ issue.

Appellants therein asked to have a sale of a section of land set aside because it did not bring a fair price and the sale was not fairly made; the specific allegations in this respect being as follows: "The error in such proceeding was that such sale was not fairly made and in conformity with law, and for a fair price, in the following respects: such sale of said section of land was made for the sum of $5.00, which is a grossly inadequate price, such sale having been made subject to $8,712.56 indebtedness secured by a deed of trust lien against said land held by the Federal Land Bank of Houston, Texas, whereas, on January 31, 1925, said Andy J. George had purchased said property for a consideration of $17,308.25, and the said land, at the time of such sale, was of the reasonable market value of $25.00 per acre; that such sale was not fairly made and in conformity with law, for the reason that at such sale said defendant bank, acting by and through its duly authorized attorney of record, publicly announced at said sale that it was claiming a lien against said property, superior to the lien which it was foreclosing, to secure an indebtedness in the approximate sum of $1,500.00 against this property, for taxes and interest which it had paid on said property, when in fact the property was being sold to satisfy whatever lien the bank had and no claim for any additional lien had been presented or filed by said bank within twelve months after such administration was taken out, and such announcement operated to stifle competition and to depress the price for which said land was sold; and, it was also announced at said sale that same was subject to the claims of these plaintiffs for their said allowances and the expenses of administration which also operated to depress the price."

A certified transcript of the entire proceedings in county court relating to the estate of Andy J. George, deceased, was made and transmitted to the district court before the return day of the next succeeding term thereof.

Appellee presented certain exceptions to appellants' application, which were sustained and the cause was dismissed by the district court, from which this appeal is prosecuted.

The following facts furnish the background for a proper understanding of the legal issues here involved:

Upon the death of Andy J. George, his wife, Mrs. Avo George, was appointed administratrix of his estate by the county court of Swisher county. She thereafter filed an application for an allowance in lieu of a homestead in the sum of $5,000, and for an amount sufficient for the maintenance of her children for one year's time. She alleged in such application that the section of land (now the subject-matter of this controversy) had valid liens against it in the following amounts: $9,000 and interest in favor of the Federal Land Bank of Houston; $5,491 and interest in favor of the First National Bank of Tulia, appellee herein; $3,

000 in favor of the Tulia Bank & Trust Company. She alleged that this land was valueless as a homestead on account of such incumbrances. The court gave her $5,000 allowance in lieu of a homestead and $600 out of the estate for the use of her minor children. Thereafter appellee filed its claim on the note aforesaid with said administrator, making affidavit that it "desires to have said claim allowed, approved and fixed as a preferred debt and lien against said property securing the same and paid according to said vendor's lien and deed of trust contracts and terms therein set out." This claim was approved by the administratrix and the judge of the county court of Swisher county. Thereafter appellee filed an application for the sale of said section of land to pay its aforesaid indebtedness, alleging that there was a prior lien in favor of the Federal Land Bank of Houston for about $9,000. It further prayed that it might become a bidder at the sale, and "should its bid be the highest and not to exceed the amount due upon its note then the full amount bid be credited upon the note." To this the administratrix answered, alleging in part that said section of land was all of the property of said estate of any value remaining on hand, that it had the incumbrances already mentioned against it, but alleging that the lien of the Tulia Bank & Trust Company had been extinguished by a rejection of its claim and its failure to bring suit. They alleged that there were unsatisfied claims having a preference over that of appellee, and "the purchaser at such sale should be required to pay in the cash for the amount of his bid to be paid out as ordered by this Court." The property was sold at public auction to the highest bidder, subject to the lien held by the Federal Land Bank of Houston. The land was sold to appellee for $5 in cash. The administratrix reported such sale and the facts thereof, and alleged that "such sale was subject to their rights to have such property sold free from encumbrances to satisfy the allowance made to them by the Court of $5,000.00 in lieu of a homestead and $600.00 allowance to said children for one year's support, and expenses of administration." Thereafter the probate court entered its order reciting: "And the court having inquired into the manner in which said sale was made, and having heard evidence in favor of and against said report, is satisfied that the sale was fairly made and in conformity with law and for a fair price." It ordered a proper conveyance made to appellee upon its compliance with the terms of said sale.

The real question to be answered is whether or not appellants have been prejudiced by the action of the trial court in dismissing their petition for certiorari, which involved a consideration and determination of the priority of the respective claims of the parties to this appeal against the George estate, and the precise questions which might have been litigated between the parties on the specification of the errors alleged in the appellants' application for a writ of certiorari.

The following are well-settled legal principles:

■ A writ of certiorari is not a writ of right, as is an appeal, in cases of this character, and is only available to review errors which resulted in injury to the complaining party. Schwind v. Goodman (Tex. Com. App.) 221 S. W. 579.

■ In determining this question, the entire transcript of the proceedings in county court may be examined in connection with the allegations of the application for such writ. Thomas et al. v. Pure Oil Co. et al. (Tex. Civ. App.) 297 S. W. 776, and numerous authorities there collated.

■ The jurisdiction of the district court is confined to the facts alleged, as well as the grounds of error specified in the application for writ of certiorari filed with said court. McAllen v. Wood (Tex. Civ. App.) 201 S. W. 433; article 933, R. S. 1925. .

■ What injury was suffered by appellant in the refusal of the court to hear their case? We think there was none, which we now attempt to demonstrate. The case of Toullerton v. Manchke, 11 Tex. Civ. App. 148, 32 S. W. 238, 239, and others of like character relied on by appellants, which hold, in effect, that claims of the character held by appellants took precedence over all liens except the holder of the superior title under a vendor's lien, were constructions of article 2053, R. S. 1895, and article 3420, R. S. 1911, which are identical and read as follows: "No property upon which liens have been given by the husband and wife, acknowledged in a manner legally binding upon the wife to secure creditors, or upon which a vendor's lien exists, shall be set aside to the widow or children as exempted property or appropriated to make up the allowances made in lieu of exempted property, until the debts secured by such liens are first discharged."

This article of the statute was first amended in 1917, and subsequently its effect changed by the codifiers of the 1925 statute (Rev. St. 1925, art. 3492), who cast it in the following language: "No property upon which there is a valid subsisting lien or encumbrance, shall be set apart to the widow or children as exempt property, or appropriated to make up allowances made in lieu of exempt property, or for the support of the widow or children, until the debts secured by such liens are first discharged. This article applies to all estates whether solvent or insolvent."

It was again amended in 1931, Chapter

236 (Vernon's Ann. Civ. St. art. 3492) but the question at issue here was not affected, as we construe it, and the last amendment will not be quoted. In plain terms article 3492, R. S. 1925, makes a widow's or children's allowance inferior to a valid lien existing against the property of the estate at the time of the death of the decedent. Such also has been the construction of this article. Stanley Estate v. First National Bank of Cooper (Tex. Civ. App.) 24 S.W.(2d) 440. We have here a case where the record affirmatively shows the sale of a section of land for $5 which at the time had against it valid liens superior to any claim of appellants, unless for expenses of administration, in excess of $27 per acre, and which appellants allege in their said application was worth only $25 per acre. They further allege that this property in 1925 cost only $17,308.25. We judicially know that economic conditions have radically changed since 1925. Indeed, the transcript teems with evidence of such fact. So much so that, instead of being "shocked" by a purchase of land with $27 per acre against it for $5, we are surprised at the optimism of the purchaser. It will be observed that appellee filed and had its claim allowed as a preferred debt and lien against the specific property, securing its indebtedness. This was filed under Vernon's Ann. Civ. St. art. 3515a (Acts Forty-Second Legislature, c. 52, p. 79). By the express terms of this act, "no further claim shall be made against other assets of the estate by reason thereof." So that appellee by its action has extinguished its indebtedness against the estate. It has not and could not take a personal judgment against the heirs. There could be no possible injury accrue to any of appellants from the court's action, except it arise from the claim of the administrator for unpaid expenses of the administration, alleged to be $600. The parties to this appeal seem to assume, and we will assume, that a claim for expenses of administration remains superior to an ordinary lien because such item was not mentioned in said amendments. This is the only phase of this case that has troubled us. We dispose of this without reference to the question of whether or not appellee was the holder of a superior title, and therefore not a lienholder.

Expenses of administration must be paid out of unincumbered assets, if there are any, even though the estate is insolvent. Rodgers v. Sturgis National Bank (Tex. Civ. App.) 152 S. W. 1176. Looking to the transcript, we find considerable personal property belonging to the estate which does not appear to be either incumbered or exempt. The same contention was made before the probate court as is now made with reference to subjecting the land in controversy to the judgment for allowances and expenses of administration. It was there an issue, and the probate court by its order, impliedly at least, refused the relief prayed for. We will presume here in support of such holding that it found that sufficient unincumbered exempt personal property was in the hands of the administratrix to pay such expenses. His orders shown in the transcript are not, in our opinion, capable of any other construction. His action in this regard is not questioned by appellants in their application for a writ of certiorari. No error was assigned thereon. This was indispensably necessary. Authorities supra. The district court therefore acquired no jurisdiction to inquire into such finding of the probate court, and there was thus left nothing to litigate, unless we hold that a district court should hear such writ in order to pass on what he already knows by an inspection of the record. This would be a vain and useless procedure.

We have disposed of the above upon the hypothesis that appellee was an ordinary lien creditor, but we do not expressly or impliedly so decide, because it is not necessary.

It is clearly inferable from this record that the liens of appellee and that of the Federal Land Bank were against this property at the time of its purchase, and amounted to almost as much as the alleged purchase price, leaving only a small equity to be paid for by George. The proposition of law asserted by appellants is a most unusual one; that is, that a widow and children may not be able to claim a 200-acre homestead because incumbered with a valid lien existing at the time of its purchase, but may force such lienholder to pay them its value on their allowance. To illustrate: A, with knowledge that death was near, purchased for $1,000 a small equity in 200 acres of land worth $100 per acre then and later, but incumbered with a lien at the time to secure C for a note of $20,000. Upon the death of A, his widow procures the court to give her an order for an allowance of $20,000 in lieu of her homestead of 200 acres which she admits she cannot hold as against C, whose lien is a valid and subsisting one against such homestead. She then gets an order to have C pay her the allowance of $20,000 before he can collect his debt. Thus she does indirectly what she may not do directly. Moreover, C has his contract destroyed by a stranger to it and his property confiscated and given to another. By judicial legerdemain A's estate gets $19,000 for nothing and forces a creditor to provide for his family. It takes a harsher term than we care to make use of to aptly describe such a result. Yet, if we sustain in toto the contention of appellants herein, we set a clear precedent for just such a case.

The judgment is affirmed.