SING v. SOMER.

No. 12564.

Court of Civil Appeals of Texas. Dallas.

April 15, 1939.

Rehearing Denied May 20, 1939.

502

Geo. K. Holland, of Dallas, for appellant.

Robert J. Cantrell and Geo. T. Burgess, both of Dallas, for appellee.

YOUNG, Justice.

The matters on which this appeal is based originated in the Probate Court of Dallas County, and in the estate of Tom Fojtik, deceased, Mrs. Albena Sing, a daughter, being administratrix. The only salable assets of the estate appear to be a house and lot, consisting of community property— the homestead of deceased and wife prior to his death—on which the claimant, Max Somer, held a first lien deed of trust note, aggregating $913.73. Somer's sworn proof of claim was regularly approved by the administratrix and the County Judge; the property later being sold under regular procedure and the proceeds, $970, paid over to Mrs. Sing, Administratrix, subject to further orders of the court. The claim of the administratrix for funeral expense was also approved, likewise a secured claim for paving against the premises, not here involved. In due time, appellee applied to the court for an order requiring the payment of his whole claim ($913.73) prior to the payment of all other claims; the administratrix also in appropriate pleadings asked the court for directions as to priority of claims in and to the fund of $970 (constituting all monies on hand for distribution), praying, however, for judgment giving preference to court costs, funeral expense and cost of administration; the balance or remainder to go to the payment of the secured claims. Upon hearing, the Probate Court ordered appellee's debt as allowed to be paid in full, subordinating all other claims thereto. On appeal to the district court, judgment was rendered to the same effect, and a review to this Court has been prosecuted.

The sole question at issue, therefore, is, whether appellee's claim, based on his first lien deed of trust note, should be paid by the administratrix of this estate prior to payment of court costs, funeral and administration expense. Appellee contends (a) that Sub. (b), § 1, of Art. 3515a, Vernon's Ann.Civ.St., has been sufficiently complied with to secure priority as a first lien deed of trust indebtedness; or (b) the fund represented proceeds from a sale of the homestead, which could be used only toward the satisfaction of secured claims such as appellee's; and (c) his demand being in the nature of a claim for purchase money, has precedence over all other claims.

Appellee admits, of course, that under Article 3531, R.S., Vernon's Ann.Civ.St. art. 3531, his secured claim is of the third class and, by the terms of the statute, inferior to funeral and administration expense. He insists, however, that he has substantially complied with the affidavit requirements of Sub. (b), § 1, Art. 3515a, wherein a claimant may obtain full benefit of his security by specifying a desire to have such claim fixed as a preferred debt and lien against the particular property involved, and not against the estate; and that the status of his claim was so fixed and classified by the County Court.

After thorough consideration of the record and briefs, we have concluded that all of appellant's assignments and propositions must be sustained and this cause reversed and rendered for appellant, establishing the priority of her demands over the claim of appellee. In the first place, the recitals of Mr. Somer's affidavit were for allowance of a claim *against the estate* (italics ours) of Tom Fojtik, praying that same be approved as a matured claim against said estate; the court's order thereon approved it as a third class claim against the estate of said decedent. It follows that appellee did not avail himself of the provisions of Sub. (b), § 1, Art. 3515a, under which his debt might become a preferred claim against the specific property securing same, payable according to the terms of his deed of trust. Wyatt et al. v. Morse et al., 129 Tex. 199, 102 S.W.2d 396; Dal-

las Joint-Stock Land Bank in Dallas v. Maxey et al., Tex.Civ.App., 112 S.W.2d 305. But appellee says that the following form of notation appearing on the outside cover of said affidavit and proof of claim was also a part of the court order fixing the preference contemplated by the above statute: "Examined and approved for $913.73 as a 3rd-Sub-B Class Claim this 28th day of Mar. 1936. Robert Ogden, Judge". The record before us does not show the action taken by the County Court on the claim docket relative to the Somer secured item. Article 3519. Bowles v. Bell et al., Tex.Com.App., 270 S.W. 1013. Consequently, in event of a conflict between the above notation and the order in the Minutes classifying the particular claim generally as one of the third class, (not appealed from) we think it is the latter record entry which determines appellee's rights. Article 3302, R.S. Hamilton v. Empire Gas & Fuel Co., Tex.Com.App. (Sup.Ct. adopted) 110 S.W.2d 561.

Appellee further urges that there was a homestead feature involved, precluding a sale for administration claims other than certain secured debts. Admittedly, there were secured claims against this estate. A claimant under one of them (appellee) made application for a sale of the house and premises under lien, thereby giving the Probate Court jurisdiction to order a sale thereof. Denton et al. v. Meador, Tex.Civ.App., 268 S.W. 762. The court once obtaining jurisdiction of the subject matter, would continue its exercise for the purpose of determining all matters properly involved, including a distribution of the proceeds of sale in accordance with law. 11 Tex. Jur. p. 725, Sec. 18; Kenedy v. Jarvis, Tex., 1 S.W. 191; Supreme Forest Woodmen Circle v. City of Belton, Tex.Civ.App., 66 S.W.2d 439. However, appellee is in no position to raise this question. The homestead feature can only be asserted by one having the right of succession thereto. Ringle et al. v. Waggoner et al., Tex. Civ.App., 238 S.W. 236; Benson et al. v. Mangum, Tex.Civ.App., 117 S.W.2d 169. Appellee had no such interest and in the absence of anyone having the right, the property involved stands subject to debts and claims as ordinary property. Palm et al. v. Chernowsky, 28 Tex.Civ.App. 405, 67 S.W. 165; Batts v. Middlesex Banking Co. et al., 26 Tex.Civ.App. 515, 63 S.W. 1046.

Appellee's last counter proposition that his secured claim and debt is for purchase money is not supported by the facts of this record. His lien (deed of trust) was one of contract, not having the elements of vendor's lien or retention of superior title. Toullerton v. Mahncke, 11 Tex.Civ.App. 148, 32 S.W. 238. Accordingly, this cause must be reversed and rendered, establishing priority of the claims asserted by the administratrix, Mrs. Sing; being funeral expense, costs of court and administration. The district court is directed to certify the judgment of this court to the county court for observance.

Reversed and rendered with instructions.

LOONEY, J., dissents.

### On Motion for Rehearing.

YOUNG, Justice.

■ In connection with all matters involved on rehearing, is included appellee's motion for certiorari, to bring up, as a part of the present record, the entries upon and the judgment of the probate court on the claim docket in this estate. The action of the county court, as entered on the claim docket, relative to appellee's secured claim, was not in evidence before the district court on appeal. The trial in the latter court was de novo, or an original hearing, Article 3702, R.S.; hence, evidence concerning probate records not before the district court in the trial "anew" cannot properly be considered as a part of the record here. 13 Tex.Jur., Decedents' Estates, p. 650, Sec. 64.

■ However, we have concluded that error is shown in our original opinion, in holding that a conflict appeared as regards the notation of the probate court on the outside cover of the Somer claim, and the order on the minutes classifying the same; also in giving controlling effect to the minute entry under the particular facts. Article 3520 of our Revised Statutes is familiar law, but must here be examined. It provides: "When the court has acted upon a claim, such action shall be entered upon the claim docket and the date thereof, and the judge shall also indorse upon such claim or annex thereto, a memorandum in writing, dated and signed by him officially, stating the action of the court upon such claim, whether approved or disapproved, or if approved in part and rejected in part, stating the amount approved, and also stating the classification of such claim." In compliance with the above Article, there

was attached to and made a part of the Somer verified claim, first, the allowance and approval thereof by the temporary administratrix, as a matured, secured claim against the estate in question; secondly, the following action by the probate court: "This claim having been allowed by Albena Sing, Temporary Administratrix of the estate of Tom Fojtik, deceased, and duly presented to the court and entered upon the claim docket for a period of ten full days and having been examinèd by me and found to be correct, is hereby approved as a matured, secured claim against said estate, this the 28th day of May 1936. (Signed) Robert Ogden, Judge of the County Court, Dallas County, Texas."

As shown in our original opinion, the additional indorsement of Judge Ogden appeared on the outside cover of the same instrument: "Examined and approved for $913.73 as a 3rd-Sub-B Class Claim this 28th day of Mar 1936. (Signed) Robert Ogden, 84–410." These recitals, taken together, we believe comprehended the "memorandum in writing" referred to in the statute, "stating the action of the court on such claim", including his approval and classification. In the absence of evidence concerning the action of such court on the claim docket (of approval and classification), the above indorsements of the probate judge are controlling and have the force and effect of a final judgment; Article 3525, R.S. In fact, by the plain provision of Article 3520, the indorsement by the court on the claim itself is but a restatement of his judicial action on the absent claim docket.

■■ But, appellant contends that the claim in question is not entitled to the benefits of Article 3515a, Subd. (b), § 1 by reason of an entire lack of pleading in support. It must be borne in mind that this is not an appeal from any judicial act of the probate court on the claim as of May 28, 1936; on the other hand, review is here sought (through the district court) from a judgment of the probate court of date May 5, 1937, disbursing funds in the hands of appellant administratrix. Her attack upon the former judgment, giving priority to appellee in the proceeds of the mortgaged property, would have presented a more serious question in a direct proceeding; i. e., an appeal. However, the issue of want of pleadings in appellee's verified claim to support the judgment of preference in the instant case, arises only collaterally and is not tenable, unless the 3rd Sub-B classification of the Somer claim is shown to be wholly void. "Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be." Clayton v. Hurt, 88 Tex. 595, 598, 32 S.W. 876, 877; Dallas Joint Stock Land Bank of Dallas v. Forsyth (Sup.Ct. Adopted), 130 Tex. 563, 109 S.W. 2d 1046, 1047, 1050, 112 S.W.2d 173, discussing a final order of the probate court, similarly held: "Conversely, if that court had a right of decision in the matter, its judgment, though erroneous, is not void. In the latter case, the statute amply provides for relief against it by direct attack. The probate court, acting within its constitutional and statutory powers, is a court of general jurisdiction and when so acting its judgments are as immune from collateral attack as are those of the district court when acting within the powers conferred on it by law."

■ We also conclude that the recital on the outside cover of the claim under discussion, giving it the Sub-B classification of Article 3515a, does not conflict with the minute entry in Vol. 84, p. 410, Probate Court Minutes, which reads: "On this the 28th day of May AD 1936, came on to be examined the claim of Marcus Somer, against the above named estate for the sum of $913.73; and it appearing to the court that said claim is a just and true claim against said estate, and that same is in due form and unpaid said claim is hereby approved as a third class claim against said estate and ordered paid in due course of administration." By reference to the recitals of the court on the outside cover of this claim, already quoted, same is followed by the figures "84–410", showing the book entry to be only an incomplete extension to the minutes of the court's action already indorsed on the claim itself. Therefore, upon further study of this record, it seems to us that the consistent intention of the probate court with regard to this claim, manifested by its judicial acts, was to give thereto a Sub-B classification, and its action in the matter, though possibly vulnerable to direct attack, is not here reviewable.

Appellee's motion for rehearing is accordingly granted, our former judgment of reversal and rendition set aside, and the judgment of the district court on the claims in question is in all respects affirmed.

Affirmed.